THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM AKERS, Plaintiff in Error.

*Opinion filed October 22, 1927.*

PROHIBITION—*party consenting to search cannot complain that it violated his constitutional rights.* Where a person consents to a search of his premises or vehicle by officers without a search warrant he thereby waives all right to complain that his constitutional rights have been invaded.

THOMPSON, J., dissenting.

WRIT OF ERROR to the County Court of Lawrence county; the Hon. J. A. BENSON, Judge, presiding.

FRED W. GEE, and SHAW & HUFFMAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and PHILIP H. LEWIS, State's Attorney, for the People.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Upon an information filed in the county court of Lawrence county charging plaintiff in error with violating the Prohibition act by unlawfully possessing and transporting intoxicating liquor, he was tried, convicted and sentenced upon two counts, and he has sued out a writ of error from this court to review the record.

The undisputed evidence shows that on May 24, 1926, plaintiff in error was arrested by the sheriff of Lawrence county on the Illinois bank of the Wabash river at a point about a mile and a half south of Vincennes, Indiana, at a place where there were many fishing boats. After having been arrested plaintiff in error's automobile was searched without a search warrant, and in the car the officers found and seized a five-gallon jug containing three gallons of dis-

tilled water, two empty glass bottles, two small vials of coloring matter, a tin measuring can with funnel attached, a hydrometer, and a bottle containing from one-eighth to one-fourth of a pint of liquid which is claimed by defendant in error was intoxicating liquor. These articles were admitted in evidence over plaintiff in error's objection. Prior to the commencement of the trial he had made a motion to have them suppressed as evidence on the ground that they had been illegally seized.

Plaintiff in error contends that the search of his automobile was an invasion of his constitutional rights under the constitutions of the United States and of the State of Illinois. That question, however, is in nowise involved in this case. The undisputed evidence is that when the sheriff proposed to search plaintiff in error's automobile plaintiff in error told him to go ahead and search, and that when the sheriff attempted to open the door of the car it stuck, and plaintiff in error came up and said, "I will open it," and he thereupon opened the door in order that the sheriff might search the car. Where a person consents to a search of his premises or vehicle by officers without a search warrant he thereby waives all right to complain that his constitutional rights have been invaded. (24 R. C. L. 723.)

It appearing from the record in this case that there is no question involved therein which would give this court jurisdiction, the cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*

Mr. JUSTICE THOMPSON, dissenting:

While I do not agree with the decisions on the question, this court has held in *People* v. *Castree,* 311 Ill. 392, and other cases, that a constitutional question is presented when a motion is made before the trial to suppress as evidence property or papers seized without a valid search warrant. That action was taken in this case, and the fact that

the point made is held to be without merit does not mean that the constitutional question is not presented. Here the court has decided the question against plaintiff in error and then held that there is no question. Under the decisions of the court a construction of the constitution is involved and this court has jurisdiction.