(No. 27037.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in in Error, *vs.* FRITZ W. SCHMOLL, Plaintiff in Error.

*Opinion filed May 20, 1943.*

BINDLEY C. CYRUS, (W. G. ANDERSON, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JULIUS L. SHERWIN, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted and convicted in the criminal court of Cook county for producing the abortion of one Lorraine Griffin. He was sentenced to the penitentiary for a period of one to ten years and the trial judge made an advisory recommendation of the character considered in *People* v. *Montana,* 380 Ill. 596.

Plaintiff in error brings the cause here assigning as his principal contention the failure of the trial court to sustain his motion to suppress evidence. He alleges as the basis of that motion that the State's Attorney, without his consent, sent his officers to the office of the plaintiff in error, while the latter was in custody, and in addition to taking the record in the case of one Lulu May Dean, to which he had consented, they took all his records and used the information secured therefrom to call into the State's Attorney's office numerous women, with the result that he was charged, not with committing an abortion upon Lulu May Dean, but upon an entirely different person, and resulted also in bringing into court to testify against him three other women on a like charge.

It appears that plaintiff in error, a physician and surgeon practicing in the city of Chicago, was, on July 19, 1941, arrested and taken to St. George's Hospital where he was identified by one Lulu May Dean as the physician

who had performed an abortion upon her. He was held in the police station until Monday morning and then taken to the office of the assistant State's Attorney in charge of sex offenses, for questioning. It also appears that the only case discussed with him was that of Lulu May Dean. On securing his consent to see the record of the Dean woman's case, the arresting officer went with a brother of plaintiff in error to the latter's office and took from there his entire files and all his instruments, and took them to the State's Attorney's office. The plaintiff in error also declared, in his motion to suppress, that by investigation of these records, illegally procured, the name of Lorraine Griffin and others were discovered and used.

The motion to suppress was brought up on the trial, was discussed and evidence heard on it. The arresting officer testified: "Dr. Schmoll's brother, I think, went over there with us for Miss Dean's record." This witness also stated that he and two other officers took all of plaintiff in error's records and all of his instruments, and carried them to the State's Attorney's office, and that no one had a search warrant.

The State argues that the sum and substance of what was said in the State's Attorney's office, during the examination of plaintiff in error, amounted to his consent that all records of his office might be brought for examination. This is positively denied by plaintiff in error, and the testimony does not justify that conclusion. The only person discussed at that time was Lulu May Dean, and the only record asked about was the record of her case. She is not the complaining witness in this case and beyond the fact that her complaint originally caused plaintiff in error's arrest, she does not in any way appear in the record.

Plaintiff in error's brother, who went with the officers, testified that he was authorized by the defendant to let the officers have the record of Lulu May Dean; that he went to get that record and, over his objection, the officers took all the records and instruments of the defendant.

Defendant also denied giving any authority for taking such records, except that of the Dean woman.

Some weeks later the plaintiff in error was charged, not with abortion committed upon Lulu May Dean but upon Lorraine Griffin, one of the women whose names were found in his office records taken by the State's Attorney.

The question of primary importance first to be decided here is whether the court should have, upon this state of the facts, suppressed any evidence obtained by the use of plaintiff in error's records. In other words, whether so obtaining the records amounted to an unreasonable search and seizure within the meaning of section 6 of article II of the constitution of this State and the fourth amendment to the constitution of the United States, and amounted to compelling the defendant to give evidence against himself. This question, under very similar facts, was before this court in the case of *People* v. *Martin,* 382 Ill. 192, where it was held, in a case of illegal seizure of the defendant's files, that a motion to suppress all evidence arising from information gleaned from such illegally seized records, should be allowed. While that case differs from the one before us in that in the former case there was no semblance of consent, yet there is no reason for applying a different rule where consent is limited and the officers go beyond the limit fixed. An arresting officer has no more right to make a search beyond the limit prescribed in a consent to search, than he has to exceed the limit prescribed in a search warrant. The latter he has no right whatever to do. In *People* v. *Montgares,* 336 Ill. 458, the arresting officer, after arresting defendant and searching, with a valid warrant, his soft-drink parlor, further made a search of his automobile. It was held that such latter search was unauthorized and unreasonable.

As was said in *People* v. *Castree,* 311 Ill. 392: "A search without a warrant is an unreasonable search, and a search of a place not described is without a warrant

and is unreasonable." It is true that one who consents to a search of his property waives his constitutional right to complain that the search and seizure were unlawful. (*People* v. *McDonald*, 365 Ill. 233; *People* v. *Mizzano*, 360 Ill. 446; *People* v. *Wetherington*, 348 Ill. 310; *People* v. *Preston*, 341 Ill. 407; *People* v. *Akers*, 327 Ill. 137.) But since consent amounts to a waiver of such warrant, the consent must, in our opinion, be considered a waiver of such warrant only to the extent granted by the defendant in his consent. To that extent, only, does the consent embrace the character of a valid search warrant. See also *Veal* v. *Commonwealth*, 199 Ky. 634, 251 S. W. 648.

Under the rule laid down in *People* v. *Martin*, 382 Ill. 192, the motion to suppress evidence should be allowed. For this error the judgment is reversed and the cause is remanded for a new trial. *Reversed and remanded.*