(No. 33837.—■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ETHEL ROGERS, Plaintiff in Error.

*Opinion filed March 22, 1956.*

280

Irving M. Wiseman, of Alton, for defendant in error.

Latham Castle, Attorney General, of Springfield, and Albert W. Hall, State's Attorney, of Jacksonville, (Fred G. Leach, and Edwin A. Strugala, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

Plaintiff in error, hereinafter referred to as the defendant, prosecutes this writ of error to reverse the jury verdict and judgment of the circuit court of Morgan County, finding her guilty of the crime of burglary, and sentencing her to the Illinois State Reformatory for Women for a term of not less than two years nor more than three years. The defendant was indicted by the grand jury in Morgan County, and she was thereafter arraigned and pleaded not guilty. She then filed her petition for change of venue on

account of prejudice of the judge, a motion to suppress evidence, a motion to quash the indictment, motions for directed verdicts, and the usual post-trial motions, all of which were overruled.

The burglary was charged to have occurred on September 25, 1953, in Morgan County, in a community known as Alexander, and consisted of the breaking and entering of a building of J. A. Zeller, with intent to feloniously and burglariously steal and carry away the chattels of the complaining witness, Mildred Zeller, located in said building.

The defendant asserts that the questions involved in this case relate to the degree of participation, if any, by the defendant, the admissibility of the confession by the defendant, the question of admissibility of a new pair of men's gloves and a red dressing gown, which were taken from the apartment of the defendant after she had executed a written consent to the deputies to search for "the property of or formerly in the possession of Mildred Zeller."

As to the first contention, the defendant admits that it is undisputed that she was present in Morgan County and at the scene; that she did, in part at least, drive the automobile owned by her and used in the burglary; and that she owned an apartment in Alton in which the goods were found.

The evidence showed that defendant owned a Buick automobile, was 37 years old, had been employed for over eight years in a dry-cleaning establishment, had been married, was divorced in 1949, and has a child three years of age; that she met one Francis Cope during the year 1953, lived with him, did not know whether or not Cope had a criminal record prior to her arrest; and that she had never been in trouble before herself.

On September 23, 1953, the defendant, the said Francis Cope, and one Donald Dillon, went to Jacksonville in her car, and then went to the Zeller house in Alexander, from

which the three took the questioned property, put it in her car, whereupon Cope and she took it to her apartment, where they lived together clandestinely. Defendant testified that Cope was under the influence of alcohol and that Dillon threatened her with a knife demanding that she drive her car on this felonious excursion and that she reveal the facts concerning it to no one.

Two days later, Cope drove her car to Alexander, with one Buddy Smith, a former patient in a mental institution, and the defendant as passengers. Cope and Smith left her in the car, then returned, and Cope drove the car to the garage on the property of J. A. Zeller, and all three of them participated in another burglary, loading the car with wearing apparel and other goods, which Cope and Smith had previously found in the apartment of the complaining witness. The men's gloves, admitted in evidence as People's exhibit No. 3, are the same gloves that were found in the yard on these premises after the entry was made on September 23.

Defendant's uncorroborated testimony is that Cope and Smith induced her to go with them over her protests, and that while she was under threats made by Smith, and against her wishes, the stolen goods were taken to her apartment. She testified that she wanted Cope to turn himself in to the police, and that he had promised to do so when he obtained settlement of a workmen's compensation case against a former employer. She testified that both Dillon and Smith told her that she was involved in the crime, and that she had better keep her mouth shut. After Cope and the defendant were arrested, she married Cope.

On October 20, 1953, the Alton police took her into custody in front of her apartment, and questioned her at the station, and thereafter she was taken to the Pike County jail at Pittsfield, where she was interrogated by two Morgan County deputies and the Pike County sheriff, to whom

she confessed. Her statement was reduced to writing and signed by her before witnesses in the following form, to-wit:

"October 23, 1953. My name is Ethel Rogers, I am 35 years old and have a first year high school education. I know right from wrong and make this statement of my own free will. No threats or promises have been made to me and I understand the following statement can be used against me.

"I met Frank Cope in Alton in August, 1953, and started keeping company with him. I did not know he had a criminal record when I started to go with him. On or about the 23rd day of September Frank Cope and Donald Lee Dillon came to my house and we got in my 1950 Buick 4-door sedan and started driving up highway 111. We came to Waverly then to Franklin where we took a black top road north to Alexander where we went into a town and had a drink. Then we went back south to a house in the south edge of town. Frank backed the car in the garage and went to a window and broke into the house. He then opened the front door and let me in and we went upstairs and Donald Dillon was upstairs when we got there. He was piling up stuff out of the drawers and Frank helped him. I helped carry the stuff out to the garage making three trips. What I carried was all clothing both women's clothes and men's clothes. Then Frank and Donald carried out a radio and put it in the car. There was a box of men's hats with three hats in it. We were there about 45 minutes or an hour. We then went south on the oiled road to Franklin then on 104 to Waverly then on 111 to Alton. We stopped on 19th or 20th on Belle Street and let Donald Dillon out. He took some of the clothing but I do not know what it was. We went on to my house and Frank and I carried the rest of the things to my house which is a two-room furnished apartment. The next day we took the console radio and a small radio we had taken from the Zeller house and drove to St. Louis, Missouri, to a used furniture store on South Broadway where we sold them to the man for eight dollars. That is what Frank said he got. I didn't see him receive the money. A woman came out and looked at them and they carried them in. We fooled around St. Louis a while and then went back to Alton arriving at about 1:30. We then went over to Buddy Smith's house off of East 7th Street and picked up Buddy and returned to Alexander to the same house we were at the night before. We parked on the road in front of house and Frank and Buddy went around the house. I heard glass being broken and when they came out to the car they both had their arms loaded with clothing and Frank told me he had cut his wrist on the window. It was bleeding pretty badly and he got weak from loss

of blood and I had to take the wheel and drive. We went right straight to Alton to the home of Dr. Hayes on Main Street where he had the wound dressed, the doctor taking two stitches to close the wound. We then went back and unloaded the clothing. This loot was mostly women clothes and also three mens hats in a box. Everything that has been brought to my house from the house at Alexander is still there except the two radios. This statement has been read to me by Harry Timmons Deputy Sheriff of Morgan County and it is true to the best of my knowledge and belief.

Signed Ethel Rogers

WITNESS:
/s/ L. Ross Crowcroft
/s/ Ray V. Lyman
/s/ Harry Timmons"

This was admitted in evidence as People's exhibit No. 1 over defendant's objection.

Defendant contends that the confession was forthcoming only as a result of many attractive promises of leniency; furthermore, that she was confined in jail three days, worried about the welfare of her three-year-old child, and forbidden during the period of inquisition to contact her lawyer. Giving consideration to defendant's uncorroborated testimony on this issue and the contradictory evidence we find no reason for ruling that her confession was inadmissible.

With respect to defendant's contention that she did not participate, a cursory reading of her statement renders this argument unworthy of further consideration. The statement shows that she participated, not once, but twice, and assisted in the selling of a part of the articles stolen from the complaining witness.

On October 26, 1953, her third day in jail, defendant signed a consent to search, in the following form, to-wit:

"I, Ethel Rogers, hereby authorize Deputies Harry Timmons and Ross Crowcroft to conduct a complete search of my residence located at 206 Hamilton Street, Alton, Illinois. Each or any of the above such authorized individuals are by me authorized to take from said above premises any letters, papers, materials or other property which they or anyone or more of them may desire, including, but not by way of limitation, any such property as may be, in their opinion, the property of or formerly in the possession of

Mildred Zeller, of the community commonly known as Alexander, Morgan County, Illinois.

"This written permission is given by me voluntarily and without threats or promises of any kind.

"I realize that any property thus found on such search might be presented in open court and used against me in proceedings in court.

"Dated at Pittsfield, Illinois this 26th day of October, A.D. 1953.

/s/ Ethel Rogers

WITNESS:

/s/ Ross Crowcroft
/s/ Ray V. Lyman
/s/ Harry Timmons"

This was admitted in evidence as People's exhibit No. 2, over defendant's objection. Cope executed a similar document which was admitted in evidence as People's exhibit No. 5, over defendant's objection.

Defendant complains that each consent is too general and does not contain a sufficient description of the property to be taken, and relies on *People* v. *Schmoll*, 383 Ill. 280, 48 N.E.2d 933, 934; *People* v. *Martin*, 382 Ill. 192, and *Frost* v. *People*, 193 Ill. 635, page 639. Defendant's consent conforms to the rules laid down in these cases. The trial court properly overruled objections to People's exhibits Nos. 2 and 5, and admitted in evidence plaintiff's exhibit No. 4, a lady's red dressing gown, both of which were identified by the complaining witness as her property, taken from her apartment in Alexander, and found after defendant's arrest in Alton. The consent was voluntarily signed, and the words "the property of or formerly in the possession of Mildred Zeller" particularized the items for which they were entitled to search. The fact that the complaining witness was assisting the deputies to whom the consent was given does not make this case one involving an unreasonable search or seizure.

The evidence in this record clearly demonstrates defendant's guilt. The jury's conclusion of guilt finds support therein. We have considered all assignments of error, such as the instruction on circumstantial evidence, and the State's

Attorney's alleged misconduct in his manner of questioning witnesses, and we reach the conclusion that defendant has been proved guilty beyond a reasonable doubt in a trial that was substantially free of error. The sentence that followed was a fair one. The judgment of the trial court is affirmed.

*Judgment affirmed.*