## People of the State of Illinois, Plaintiff-Appellee, v. James Everett, Defendant-Appellant.

### Gen. No. 53,800.

First District, Second Division.

December 9, 1969.

Geter & Geter, of Chicago (Howard D. Geter, Sr. and Howard D. Geter, Jr., of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney and Kenneth L. Gillis, Special Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a bench trial of the crime of receiving stolen property and was sentenced to a term of six months in the House of Correction. He appeals.

Hazel Porter testified that her home on South Sangamon Street in Chicago had been burglarized and that two television sets were stolen therefrom. She further testified that she thereafter saw one of the sets in the window of the defendant's television repair shop at 1144 West 69th Street in Chicago, which she subsequently identified as her property.

Detective Phillip Pignato testified that he had been assigned to investigate the Porter burglary and that he located the television set in question in the window of the defendant's shop. The witness testified that he questioned defendant concerning the set and was in-

formed by the defendant that he knew nothing of its acquisition in that his partner took the set into the shop for repairs. Defendant told the detective that his partner was not in the shop at the time and that he was not certain when his partner would return. The witness further testified that defendant told him that he did not know his partner's name, and that he did not know where his partner lived nor where he could be contacted. Officer Pignato stated that when he asked the defendant whether he knew the television set had been stolen, the defendant replied that he did not.

Defendant testified that he was a partner in the television repair shop, that his partner's name was "David Poindexter," and that he gave that name to the police at the time he was questioned concerning the television set. He further testified that he did not tell the police where Poindexter lived because he did not know. Defendant related that he was not present when Poindexter took the set into the shop for repairs and stated that he first learned that the set was stolen when he was so informed by the police.

Defendant testified on cross-examination that he repaired a broken antenna on the set and placed the set in the window of the shop to be picked up by the customer. He stated that there was no customer claim check connected with the set and that if the customer had come in to claim the set, he would have had to wait for Poindexter.

Defendant was then questioned as to the identity of Poindexter and stated that he and Poindexter had been partners for two years. He first stated that they had no written partnership agreement, but later testified that he did have "some papers to show this." He further testified that Poindexter was usually in the shop "from morning to night," but that in order to reach him if something urgent arose, "sometimes I can reach him by calling a number that I know, that I may reach him by, but

414

at all times I can't be certain." Defendant further described Poindexter as a "funny type of person. He doesn't stay at any one particular place any length of time. He is constantly moving."

The trial judge, on redirect examination of the defendant, also inquired as to Poindexter. Defendant stated that he had spoken to Poindexter since the instant complaint against him was filed, that he told Poindexter of the charge in this regard, and that he was not certain whether Poindexter knew he was in court on the day of the trial. Defendant stated in response to the judge's questioning that Poindexter was "possibly at the store now," whereupon the trial judge inquired of the defendant whether he desired a continuance in order to bring Poindexter into court. Defendant declined the court's offer and rested his case.

Defendant first contends that the People failed to prove the corpus delicti of the crime, for the reasons that there was no evidence as to when the Porter home had been burglarized, that there was no evidence that unknown persons were responsible for the theft of the television set, that there was no evidence as to when the set was found on the defendant's premises, and that there was no evidence that the defendant received the stolen property. He also contends that he was not proved guilty beyond a reasonable doubt.

The People's evidence showed that the television set found in the window of the defendant's shop was stolen from the Porter home, that the defendant denied knowledge that the set was stolen, and that the defendant said that the set was taken into the shop by his partner, whose address and whereabouts he did not know. The defendant's testimony was that he had no knowledge that the set was stolen and that the set had been taken into the shop by his partner, Poindexter, whose activities and whereabouts remained a mystery to the defendant.

415

■■ Guilty knowledge may be proven by means of circumstantial evidence. As stated in People v. Mulford, 385 Ill 48, 52 NE2d 149, at page 56:

"The guilty knowledge which is an essential element of the crime of receiving stolen property is rarely susceptible of direct and positive proof. It may be inferred from all surrounding facts and circumstances involved in the transaction, including the acts and declarations of the accused concerning the same; (People v. Boneau, 327 Ill 194;) and it is presumed that whatever would convey knowledge or induce belief in the mind of a reasonable person that property was stolen would, in the absence of countervailing evidence, be sufficient to apprise the accused of the like fact or induce in his mind the like impression and belief. (People v. Rife, 382 Ill 588; State of Connecticut v. Heno, 119 Conn 29, 174 Atl 181, 94 ALR 696.)"

See also People v. Grodkiewicz, 16 Ill2d 192, 197, 157 NE2d 16.

■ In the instant case, the circumstances from which it could reasonably be concluded that defendant had knowledge that the television set was stolen, stem not only from the evidence of the People but also from the testimony of the defendant himself. A defendant is not required to take the stand but when he does he runs the risk of telling an incredible story.

■■ Defendant's testimony concerning his alleged partner, Poindexter, and Poindexter's unorthodox mannerisms; the manner in which their partnership was run; the circumstances under which the television set appeared on the defendant's premises; the fact that no customer claim receipt was issued when the set was allegedly brought in for repairs; the fact that the set, after having allegedly been repaired by the defendant, was placed in the shop window; and the fact that Poin-

416

dexter was never brought in as a witness, although he had allegedly been defendant's partner for a period of two years and knew that the defendant was in difficulty in this regard, constitutes sufficient evidence from which the trier of fact could conclude that the defendant had knowledge that the set was stolen and that he received the set with such knowledge. People v. Nitti, 8 Ill2d 136, 133 NE2d 16; People v. Ray, 80 Ill App2d 310, 316, 225 NE2d 467. The fact that there was no evidence adduced as to when the set was stolen from the Porter home or when it was located on the defendant's premises, worked no prejudice to the defendant. It was uncontested that the set was, in fact, stolen, and defendant admitted that it was found on his premises.

It is next contended that the defendant was denied a fair and impartial trial because the trial judge took over the prosecution of the case, called the defendant a "liar," and found the defendant guilty because "he was a liar and failed to produce Poindexter as a witness."

■■ It should be noted that this was a bench trial and the presumption obtains that the trial judge will consider only competent evidence. People v. Robinson, 30 Ill2d 437, 197 NE2d 45. The asking of questions by the trial judge will be considered prejudicial in a jury case where it indicates to the jury how the judge feels about the defendant's story. People v. Moriarity, 33 Ill2d 606, 213 NE2d 516.

■■ The trial judge here questioned the defendant on redirect examination on two matters, first, with regard to when it came to his attention that the television set was stolen, and second, with regard to the whereabouts of Poindexter and whether Poindexter knew that the defendant was in court that day. After the judge asked several questions he offered defendant an opportunity to bring Poindexter into court on his behalf, which offer the defendant refused. Questioning by the trial judge rests in the sound discretion of the judge and may

be done to reach the truth or to clarify material matters. People v. Palmer, 27 Ill2d 311, 314–315, 189 NE2d 265. We find no error in this regard.

The record reveals that after the finding of guilty was made, and during the hearing in aggravation and mitigation, the trial judge stated that the defendant was a liar and was perjuring himself. The only matter which this statement could have had an effect on at this stage of the proceeding was the sentence to be imposed; the sentence is clearly not excessive and is within the limits set by the statute. (See Ill Rev Stats 1967, c 38, par 16–1.) Further, there is no evidence in the record that the defendant was found guilty because he failed to produce Poindexter as a witness, or that the defendant's counsel was ignored and insulted by the trial judge, as defendant here contends.

██ Defendant finally argues that the trial court erred in denying his oral post-trial motions and in further refusing to allow him time to file written motions. After the court denied defendant's oral motions, defense counsel stated that he would like to have time to put his motions into writing, to which the judge replied, "You may do that. All motions denied." Nonetheless, oral post-trial motions were made, without objection, thereby opening up the entire record to review on appeal. People v. Prohaska, 8 Ill2d 579, 582–583, 134 NE2d 799.

The judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and McCORMICK, J., concur.