THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROY ALLAN WILLIAMS, Defendant-Appellant.

Fourth District   No. 13936

Opinion filed June 9, 1978.

GREEN, P. J., dissenting.

Roy Allan Williams, of Urbana, for appellant, *pro se.*

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Roy Allan Williams, was sentenced to 1 year conditional discharge upon the condition that he serve 3 days in the county jail after a Champaign County jury found him guilty of resisting or obstructing a peace officer, a violation of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 31—1).

On October 1, 1975, Clifford Cameron, a job supervisor at the Douglass Community Center construction site in Champaign, arrived at the site with two crew members who were going to place fence posts. The defendant was present at the site and told the three workers that they could not unload the posts from their pickup truck. The defendant also boarded the workers' truck and sat on the posts. Cameron then phoned for assistance from his boss, Edward Hynes, and, while the workers awaited Hynes' arrival, defendant warned Cameron that, as Cameron stated, "he would take care of me personally" if we attempted to unload the truck. Upon his arrival, Hynes called the police. Two uniformed Champaign police officers, John Schweighart and Dale Meholic, arrived and attempted to speak with the defendant, who paced back and forth next to the truck and refused to respond to the officers' inquiries. When informed that the officers might arrest him if he continued to refuse to answer, defendant asked what he could be arrested for and was told that the charge might be aggravated assault. Finally, Officer Schweighart told defendant he was under arrest and attempted to grasp defendant's left arm or elbow. Defendant then spun around and attempted to strike Schweighart in the face, but the blow was blocked by Officer Meholic.

Defendant was originally charged with disorderly conduct and obstructing or resisting a police officer. At defendant's first trial, a directed verdict was entered on the disorderly conduct charge and a mistrial was declared on the charge of obstructing or resisting a peace officer. The latter charge proceeded to a second trial at which the defendant was found guilty by the jury. At both trials and on appeal to this court, defendant represented his own interests without the aid of an attorney after he was found competent to do so and after he was fully advised of his rights.

■■■ On appeal, three issues are raised for our review: (1) whether defendant's failure to make a written post-trial motion waived the errors alleged here; (2) whether the court abused its discretion by granting a pretrial motion in limine; and (3) whether the court erred in giving the *Prim* instruction to a deadlocked jury.

Section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 116—1) directs that a motion for a new trial be in written form, although this requirement may be waived by the State, thereby opening the entire record for review on appeal. (*People v.*

*Everett* (1969), 117 Ill. App. 2d 411, 418, 254 N.E.2d 659.) In the instant case, however, the State objected to the oral form of defendant's motion for a new trial. In *People v. Pickett* (1973), 54 Ill. 2d 280, 283, 296 N.E.2d 856, our supreme court stated that a reviewing court may, as a matter of grace in a case involving the deprivation of life or liberty, notice errors denying a fair and impartial trial for the defendant or where the evidence is closely balanced even though the error has not been properly preserved for review in a post-trial motion. In the instant case, because we find that defendant has been denied a fair and impartial trial in that the court entered an overbroad pretrial exclusionary order, we are noticing that error even though it has not been properly preserved.

On March 30, 1976, on motion of the State and following a hearing, the court entered the following order:

"IT IS HEREBY ORDERED that the defendant, Roy Allan Williams, is prohibited from mentioning in opening statement directly or indirectly, in the above-entitled cause concerning the following subjects:

1) The substance or merits of the public discussion of the controversy surrounding the decision to raze the old Douglass Community Center and to construct a new community center.

2) The motives and goals for the defendant's presence at the Douglass Center construction site on October 1, 1975.

3) Any allegations of conspiracy on the part of the Champaign County State's Attorney's Office or any personnel of said office against the defendant, Roy Allan Williams.

4) Any allegations of conspiracy on the part of the Champaign Police Department or any personnel of said Department against the defendant, Roy Allan Williams.

5) Any allegations of misconduct on the part of the Champaign County State's Attorney's Office or persons associated with said office.

6) Any allegations of misconduct predating the alleged offense by the Champaign Police Department and officers of said Department except for evidence concerning the conduct of Officers J. Schweighart, D. Miholic [*sic*] and J. Ersham while at Douglass Center on October 1, 1975.

7) Any allegations of misconduct by the following Judges
    Sarah Lumpp
    Harold Jensen
    Roger Little
    Birch E. Morgan
    Creed D. Tucker
    A. G. Webber, III

8) Any matters covered by the pre-trial motions of the defendant, Roy Allan Williams, in which the motion was denied.

9) Any allegations of conduct resulting in alleged violations of the civil rights of the defendant, Roy Allan Williams.

10) Any allegations of conduct resulting in alleged violations of the Illinois State Constitution or the United States Constitution.

11) Any allegation of racial discrimination.

12) Any of the events occurring after the defendant Roy Allan Williams, was removed from the Douglass Center on October 1, 1975 by Officers Schweighart and Miholic, [*sic*] including, but not limited to, the events surrounding the defendant's refusal to comply with the normal booking procedures of the Champaign Police Department.

IT IS FURTHER ORDERED that the defendant Roy Allan Williams, is prohibited from presenting any evidence, testimonial or documentary or of any other nature, examining or cross examining any witness, mentioning in closing argument, directly or indirectly any of the following subjects:

1) Any allegations of misconduct predating the alleged offense by the Champaign Police Department and officers of said Department except for evidence concerning the conduct of Officers J. Schweighart, D. Miholic [*sic*] and J. Ersham while at Douglass Center on October 1, 1975.

2) Any allegations of misconduct by the following Judges
  Sarah Lumpp
  Harold Jensen
  Roger Little
  Birch E. Morgan
  Creed D. Tucker
  A. G. Webber, III

3) Any matters covered by the pre-trial motions of the defendant, Roy Allan Williams, in which the motion was denied.

4) Any allegations of conduct resulting in alleged violations of the civil rights of the defendant, Roy Allan Williams.

5) Any of the events occurring after the defendant, Roy Allan Williams, was removed from the Douglass Center on October 1, 1975 by Officers Schweighart and Miholic, [*sic*] including, but not limited to, the events surrounding the defendant's refusal to comply with the normal booking procedures of the Champaign Police Department."

■■ A reviewing court will not reverse a trial court's allowance or denial of a motion in limine unless, in entering the order, the court manifestly abused its discretion. (*Department of Public Works & Buildings v.*

*Roehrig* (1976), 45 Ill. App. 3d 189, 194-96, 359 N.E.2d 752.) In *Roehrig,* the court noted that the trial court's inherent power to admit or exclude evidence is sufficient to permit use of the motion in limine. In ruling on the motion, the threshold question is whether the rules of evidence require exclusion of the subject matter of the motion. If not, then the motion must be denied. If the subject matter should be excluded, the trial court then has the discretion to grant or deny the motion, leaving it to the moving party to specifically object at trial. We would be derelict if we did not emphasize that the trial judge's discretion is the safety catch on the general application of this rule. We recognize that there are questions, the mere asking of which would greatly prejudice the quest for fairness and truth.

■■ The exclusionary order entered in the instant case was overbroad. Even a cursory reading of the order reveals that it would prohibit any meaningful opening statement by the defendant, any showing of a witness' bias, or any challenge to a witness' credibility. The order would impermissibly exclude evidence, if any, concerning the arresting officer's preexisting racial prejudice or prejudice directed toward the defendant. It is so broad that it defies precise delineation of its scope. In essence, the order prohibits the defendant from presenting any meaningful defense and constitutes an abuse of the trial judge's discretion.

Owing to the fact that we are reversing defendant's conviction on the second issue, it is unnecessary for us to address the third issue. On remand, the defendant will be entitled to a new trial.

Reversed and remanded with directions.

CRAVEN, J., concurs.

Mr. PRESIDING JUSTICE GREEN, dissenting:
I share the majority's concern with the breadth of the *in limine* order. However, I have difficulty in conceiving how it prevented the introduction of much competent evidence or any that the defendant intended to offer.

A law enforcement officer testifying on behalf of the prosecution may be impeached by evidence that he holds prejudice against a class of people to whom the defendant belongs. (McCormick, Evidence §40, at 78 (2d ed. 1972); 81 Am. Jur. 2d *Witnesses* §557 (1976).) In *United States v. Kartman* (9th Cir. 1969), 417 F.2d 893, the court of appeals held the district court to have erred in prohibiting the defense from cross-examining a government witness as to whether he bore a prejudice against anti-war demonstrators, a group to which the defendant belonged. In the case on review, the trial court did permit the defendant

to ask one of the police officers if he bore a prejudice against blacks. The *in limine* order would have prevented the defendant from introducing evidence of any of the officers' prejudice against blacks as shown by prior conduct. Neither at trial nor on review, however, has the defendant shown that he intended to use this type of evidence for impeachment or that he was prevented from doing so.

Defendant did complain at trial that the *in limine* order would prevent him from presenting his defense of "compulsion." In *People v. Unger* (1977), 66 Ill. 2d 333, 362 N.E.2d 319, an accused had been tried for escape from a penal institution. He presented evidence that other inmates had sexually attacked, beaten and threatened him with death and testified that he was afraid to report this to prison authorities for fear of reprisal from other inmates. At trial that accused had requested an instruction on the defense of compulsion. The supreme court ruled that the proper defense was that of necessity and that the jury should have been instructed on that defense.

At the first trial defendant testified that (1) Officer Schweighart, when arresting him, grabbed his arm and twisted it behind him; (2) because he feared Schweighart was trying to break his arm, he pulled it loose and the two then fell to the ground. Defendant also offered testimony at that trial that Officer Schweighart had a reputation for treating blacks roughly in making an arrest. He offered this evidence to show that that officer was likely to have been rough on the occasion in question, thus supporting defendant's theory of what happened. The *in limine* order would have prevented the defendant from offering this evidence of alleged prior misconduct at the second trial. The defendant's theory of "compulsion" or necessity was apparently the theory that he was justified in pulling away from the police officer in order to prevent the officer from breaking his arm. Evidence of prior aggression by an individual to prove that individual was likely to have been an aggressor on a subsequent occasion is admissible only on behalf of a defendant in a homicide case to prove aggression by the victim. (McCormick, Evidence §193, at 461 (2d ed. 1972).) It would not have been admissible in the instant case. The application of the order did not restrict the defendant from the use of admissible evidence to prove his claimed defense in this way.

This case illustrates the difficulties encountered by a trial judge in attempting to conduct the criminal trial of a *pro se* defendant charged with conduct arising out of a social protest when the defendant exhibits a compulsion to carry the protest into the courtroom. The thrust of the defendant's objection to the *in limine* order was that it prevented him from doing this. In his brief on appeal, he cites the order as being erroneous because it deprived him of due process, equal protection, the right of confrontation, and "most importantly" freedom of speech and the

right to petition for redress of grievances by preventing him from raising the issue of why he was protesting.

No authority has been called to our attention which supports defendant's contention that he had a right to explain to the jury his reasons for being present at Douglass Center. No logical reason for that proposition has been advanced. One may not exonerate himself from social protest civil disobedience which amounts to a crime on the grounds that the civil disobedience was for a just cause. The *in limine* order properly excluded reference to defendant's reasons for being present.

Trial judges should be cautious in entering broad *in limine* orders. Before doing so, they would be well advised, particularly in criminal cases involving *pro se* defendants, to attempt to anticipate proper evidence that might be excluded by the order even though the defendant does not indicate his intention to use such evidence. Here, the trial judge carefully examined each aspect of the order and permitted the defendant to be heard separately as to each. None of his objections were directly in point. Because there is little conceivable proper evidence that the order would have excluded and no showing that defendant intended to introduce such evidence, I do not consider the entry of the order to have been reversible error.

The court properly gave the *Prim* instruction.

I would affirm.