THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE McCOY, Defendant-Appellant.

First District (5th Division)   No. 85—1758

Opinion filed May 22, 1987.

Paul P. Biebel, Jr., Public Defender of Chicago (Thomas Swital and Karen E. Tietz, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan Disis, and Kevin T. Byrne, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Defendant was charged with one count of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(b)(1), 12—16(c)(1)). Following a jury trial he was found guilty on both counts and sentenced to six years' imprisonment on the aggravated criminal sexual assault charge.

Defendant appeals urging the following. First, the *voir dire* was inadequate by failing to question defendant's interracial relationship with his girlfriend. Second, the trial court erred in denying defendant's motion *in limine* to preclude the prosecution from interjecting any evidence of his 12-year old forgery conviction. Third, he was prejudiced and denied a fair trial by prosecutorial comments during closing arguments which were not proper inferences based on evidence deduced at trial. Fourth, the evidence was insufficient to support his convictions for aggravated criminal sexual assault and aggravated criminal sexual abuse.

We affirm.

Before jury selection commenced, defendant filed 27 proposed jury questions of which two were denied by the trial court. Thereafter, defendant excused the court reporter during the *voir dire*. He also filed a motion *in limine* to exclude reference to his 1973 forgery conviction for which he had been sentenced to three years in prison and had been released in 1976 after serving his term. The court ruled that the introduction of the conviction for forgery would be allowed in the event defendant chose to testify at trial.

The following pertinent testimony was adduced at trial. On August 11, 1984, at 9 p.m., N.M., a minor female, and her mother, D.M., were in their second-floor apartment at 217 South Fifth Avenue, Maywood. Defendant, 31 years of age, lived upstairs in another apartment with his girlfriend, Elizabeth Graham. Defendant and Graham were friends of D.M. and N.M. After a short visit, all four of them decided to take a ride in Graham's car. Defendant and Graham sat in the front seats while N.M. and D.M. sat in the backseat. An armrest separated the two seats in the front of the car. Defendant was driving.

Defendant drove to a restaurant for hamburgers. D.M. laid her sleeping daughter on the backseat lying on her stomach and "crunched up." D.M. went into the restaurant along with Graham to

buy some hamburgers. Defendant remained in the car with the child.

N.M. testified that while she was sleeping she "felt something funny" hurting her. The pain she felt was in her "behind" and hurt her so much that she woke up. When she awoke, she saw defendant leaning over the armrest, sticking his finger in her "behind." She was wearing a skirt and blouse and her panties had been pulled down to her knees. The child tried to slap the defendant's hand and he pulled his finger out of her anus. The victim testified that she was in pain. After defendant pulled his finger out of her anus, he put his finger under his nose and moved it across his face. N.M., meanwhile, pulled her panties up and began crying as she hugged her teddy bear. She moved over to the passenger side of the rear seat in the corner of the car, away from the defendant. She testified that she was afraid.

While she remained in the backseat, defendant got out of the car. Before he got out of the car, defendant said to her, "Turn your head, I have to pee."

Soon thereafter, N.M.'s mother returned to the car and asked her what was wrong. N.M. said "Nothing." N.M. testified that it was after she told her mother "nothing was wrong" six or seven times that she whispered to her mother that defendant had stuck his finger in her behind. D.M. immediately told the defendant to let her out of the car and defendant refused.

When they arrived home, D.M. jumped out of the car, grabbed her daughter by the arm and went upstairs to her apartment. She took two knives from the apartment, went downstairs, and began arguing with defendant. Eventually, she returned to her apartment and called the police.

N.M. testified that she went with her mother to the police station at Grand and Central Avenues in Chicago that evening and again the following day. D.M. and N.M. filled out a report, and N.M. was interviewed outside the presence of her mother by youth officer Walter King.

Defendant's testimony generally contradicted that of N.M. Defendant testified that he heard a thump and saw that N.M. had fallen to the floor. He stated that he reached between the seats and put his hand "under her butt" so as to lift her back to her seat. However, he did testify that he did get out of the car to relieve himself in the parking lot.

Defendant was convicted of aggravated criminal sexual assault and aggravated criminal sexual abuse and was sentenced on the aggravated criminal sexual assault conviction to a six-year term of imprisonment, the aggravated criminal sexual abuse conviction merging.

OPINION

■ Defendant initially contends that the *voir dire* was inadequate to disclose jurors' potential biases and prejudices. In Illinois, it is well established that the accused has the responsibility for preserving the record of the *voir dire* examination and, if he fails to do so, the reviewing court will not consider his contention that prospective jurors should have been excused for cause. (*People v. Johnson* (1976), 43 Ill. App. 3d 649, 357 N.E.2d 151.) Defense counsel excused the court reporter from transcribing the *voir dire*. We cannot consider defendant's contention without an adequate record. We must, however, note that the trial judge voiced no objection to another question which appropriately addressed potential racial prejudice and thus the jury was apparently questioned on this subject.

Next, defendant contends that the trial court abused its discretion in denying defendant's motion *in limine* to preclude the prosecution from interjecting any evidence of defendant's 12-year-old forgery conviction. In denying defendant's motion *in limine*, the trial judge stated, "We are talking about forgery which involves the question of truthfulness and because of the 1973, I can't see where it would be any great prejudice to the defendant. Yet it does go to his credibility as a witness." Thus, the court ruled that defendant's prior forgery conviction could be used in the event defendant testified. Defendant chose to testify and also chose to admit his prior conviction for forgery on direct examination.

The Illinois Supreme Court has adopted Rule 609 of the Federal Rules of Evidence concerning the use of a prior conviction to impeach a witness. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 268 N.E.2d 695.) The rule provides, in part:

"Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere,* is admissible but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment, unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.

(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date." 51 F.R.D. 391.

Here, the evidence establishes that defendant was released from the penitentiary in 1976 after serving time on a forgery conviction, and this trial began in 1985. Defendant's only assignment of error with respect to the trial court's denial of the motion *in limine* is that the court abused its discretion by failing to determine that the probative value of admitting defendant's prior forgery conviction was not outweighed by the danger of unfair prejudice.

■ A reviewing court will not reverse a trial court's allowance or denial of a motion *in limine* unless, in entering the order, the court manifestly abused its discretion. (*People v. Williams* (1978), 60 Ill. App. 3d 529, 377 N.E.2d 367.) We do not find that the denial of defendant's motion *in limine* with regard to a prior forgery conviction constituted a failure to balance the probative value of this evidence against its prejudicial impact. Holdings of the supreme court vest discretionary authority in the trial judge whether or not to allow evidence of prior convictions. In exercising this discretion, the trial judge is expected to balance the probative value of the evidence of prior convictions against the prejudicial impact of such convictions upon the jury. *People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821.

■ Defendant next contends that certain prosecutorial comments during closing arguments denied him a fair trial. In his rebuttal closing argument, the prosecutor stated that defendant stuck his finger in the victim's anus "to satisfy his sexual perversions." The prosecutor later referred to defendant as a "pervert."

The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court and cannot be reproduced in the record on appeal. Therefore, the trial court is in a better position than a reviewing court to determine prejudicial effect, if any, of a remark made during argument. Unless there has clearly been an abuse of discretion the trial court's ruling will be upheld by this court. *Enloe v. Kirkwood* (1970), 120 Ill. App. 2d 117, 256 N.E.2d 459.

■ Here, the trial court was not in error in allowing the prosecutor to refer to defendant as a pervert. Attorneys are allowed broad latitude in drawing reasonable inferences and conclusions from the evidence. (*Saputo v. Fatla* (1975), 25 Ill. App. 3d 775, 324 N.E.2d 34.) The great latitude afforded prosecutors includes commenting about the nature of the crime and the character of the defendant. (*People v. Graves* (1984), 134 Ill. App. 3d 473, 480 N.E.2d 1142.) Arguments and statements based on the proof or legitimate inferences deductible therefrom do not transcend the hand of legitimate argument. (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.) The references to

defendant's sexual perversions were entirely based on the evidence and the natural inferences drawn therefrom. We are not inclined to disturb the trial court's judgment.

Defendant also contends that the prosecutor misstated the evidence in rebuttal argument. In particular, the prosecutor's comment was "I have never seen a case like ***." At that point, counsel for defendant objected. The prosecutor was unable to complete his thought. Defendant obviously was not prejudiced in any way by the unfinished remark of the prosecutor.

■■ Further, defendant contends that the prosecutor, during his closing argument, implied that defendant was attempting to kill the victim on the night of the incident. Defendant's contention stems from the following portion of the prosecutor's closing argument.

"PROSECUTOR: Ladies and gentlemen, on August 11th of 1984, [N.M.] had no rights because this man was the judge and the jury and was going to take her life away from her, her childhood—

DEFENSE COUNSEL: Objection.

PROSECUTOR: Her innocence.

DEFENSE COUNSEL: That is implying he is trying to kill her and that is improper.

THE COURT: The jury heard the evidence, I am sure."

As the trial judge indicated, the closing argument must be considered in light of all the evidence presented. Clearly, the prosecutor, in closing argument, was not trying to characterize defendant as a killer.

■■ ■ The final contention is that the evidence was insufficient to support the defendant's conviction for aggravated criminal sexual assault and aggravated criminal sexual abuse. To that end, it is well settled that where an adult is charged with the offense of taking indecent liberties with a child, and the defendant denies the charge, there must be substantial corroboration of the child's testimony or her testimony must be otherwise clear and convincing. (*People v. Boyd* (1980), 87 Ill. App. 3d 978, 409 N.E.2d 392.) Similarly, it is the rule that the issue of a witness' credibility in a prosecution for indecent liberties with a child is to be determined by the trier of fact and a court of review will disturb the jury's finding in such a case only when the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.

■■ The evidence in this cause amply supports the jury's verdict. The testimony of N.M. was clear and convincing. She testified that she went for a car ride. Defendant was driving. She fell asleep and

awoke when she felt a pain in her behind. When she fell asleep, her panties were up; when she awoke, they were down around her knees. She slapped defendant's hand away, and defendant placed his finger under his nose and wiped it across his face. Also, her detailed testimony is corroborated, in part, by defendant's testimony. Defendant confirmed her testimony that he told her to turn her head because he had to relieve himself and then got out of the car and urinated in the parking lot. Further, her testimony withstood rigorous cross-examination.

For the foregoing reasons we affirm the judgment of the circuit court of Cook County.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.