THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARNELL COURTNEY, Defendant-Appellant.

First District (6th Division)   No. 1—87—1371

Opinion filed June 30, 1989.

State Appellate Defender's Office and Eckhart, McSwain, Silliman & Sears, both of Chicago (Harry C. Lee III, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Sara Dillery Hynes, and Peter T. Petrakis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

A jury found defendant, Darnell Courney, a/k/a Darnell Courtney, guilty of possession of a stolen motor vehicle (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1)), and the trial court sentenced defendant to a term of five years' imprisonment (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(b)). On appeal, defendant initially contends that section 4—103(b) of the Illinois Vehicle Code is unconstitutional. Our supreme court recently upheld the constitutionality of that provision (*People v. Bryant* (1989), 128 Ill. 2d 448), and thus the issue will not be addressed in this appeal.

Defendant also contends that the court improperly denied his motion *in limine* to bar any mention of a prior conviction; that his statement to the police was improperly admitted where made during a custodial interrogation absent *Miranda* warnings; and that the State improperly shifted the burden of proof in rebuttal closing argument.

The trial court denied defendant's pretrial motions to preclude mention that defendant possessed the complainant's credit cards at the time of his arrest, and preclude mention of defendant's prior convictions for robbery and for Illinois Credit Card and Debit Card Act (Ill. Rev. Stat. 1987, ch. 17, par. 5901 *et seq.*) (Credit Card Act) violations.

John Sochacz testified for the State that on June 5, 1986, at 9 a.m., he reported the theft of his 1983 dark gray two-door Oldsmobile Toronado, with a light gray top and interior, and license plate number J559. The keys were in the ignition, and his wallet was in the car. He later identified the car recovered by the police, and noticed a new small scratch on the window in the driver's door, along with other body damage.

Officer Roy Van Smith testified that on June 9, 1986, at 4:45 p.m. he and his partner were in uniform and in a squad car when they received a radio assignment to proceed to an address in Chicago. There, they saw defendant sitting in a parked gray Oldsmobile Toronado which bore no license plates. They parked the squad car behind the Oldsmobile. A second squad car arrived from the other direction and parked in front of the Oldsmobile. Smith asked defendant to exit the car and asked who owned the car. Defendant replied that his attorney owned the car. The police determined over the radio that the car was stolen. They arrested defendant and informed him of his *Miranda* rights. The officers searched the car and in the trunk found license plates with the number J559. They also found seven identification and credit cards on defendant's person, all bearing the name of John Sochacz.

Stephanie Taylor testified for the State that on June 6, defendant

gave her a ride home in a gray Oldsmobile Toronado with a gray interior. Defendant tested Taylor's diamond ring by scratching the upper right side of the window in the driver's door of the car.

Defendant testified that on June 9, 1986, he was struck by a 1983 Oldsmobile Toronado. The driver stopped and ran away. Defendant chased him on foot, then returned and drove the Oldsmobile several blocks, looking for the driver. The police then approached him, informed him the car was stolen, and arrested him. He carried credit cards which he found on the seat of the Oldsmobile. Defendant had given Taylor a ride home, but he was driving a light green 1975 Thunderbird and did not scratch a window with a diamond ring.

■ Defendant contends that he was denied a fair trial when the trial court denied his motions *in limine* to bar use of his prior convictions for robbery and for violation of the Illinois Credit Card Act (Ill. Rev. Stat. 1987, ch. 17, par. 5901 *et seq.*). Initially we note that the court properly cautioned the jury not to use the evidence except for the purpose of impeaching defendant's credibility. (See *People v. Poole* (1988), 167 Ill. App. 3d 7, 520 N.E.2d 1017.) Moreover, a reviewing court will not reverse a trial court's allowance or denial of a motion *in limine* unless the court manifestly abused its discretion. *People v. McCoy* (1987), 156 Ill. App. 3d 194, 509 N.E.2d 567; *People v. Williams* (1978), 60 Ill. App. 3d 529, 377 N.E.2d 367.

■ ■ It is permissible to admit impeachment evidence of the conviction of a crime punishable by imprisonment of more than a year, or involving dishonesty or false statements, where less than 10 years have elapsed since the later date of release from prison or conviction. (*People v. Pegram* (1987), 152 Ill. App. 3d 656, 504 N.E.2d 958, aff'd (1988), 124 Ill. 2d 166, 529 N.E.2d 506.) In using a prior conviction to impeach a witness' credibility, the proof of past crimes must directly bear on testimonial deception. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695; *People v. Pruitt* (1988), 165 Ill. App. 3d 947, 520 N.E.2d 867.) Even where the prior conviction bears upon the witness' credibility, the court must use its discretion to determine whether the prejudicial effect of impeachment far outweighs the probative relevance of the prior conviction to this issue of credibility. *People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821; *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695; *People v. Pruitt* (1988), 165 Ill. App. 3d 947, 520 N.E.2d 867.

■ Factors to be considered in weighing the probative and prejudicial effect of the prior conviction evidence include the nature of the crime, nearness or remoteness, subsequent career of the person, and whether the crime was similar to the one charged. *People v. Spates*

(1979), 77 Ill. 2d 193, 395 N.E.2d 563; *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695; *People v. Pruitt* (1988), 165 Ill. App. 3d 947, 520 N.E.2d 867; *People v. Poole* (1988), 167 Ill. App. 3d 7, 520 N.E.2d 1017.

■ The convictions here were for robbery and Credit Card Act violations, which involve dishonesty. (See, *e.g., People v. Smith* (1982), 105 Ill. App. 3d 84, 433 N.E.2d 1054.) The convictions were within the 10-year time period authorized by our courts. The court properly exercised its discretion in determining that defendant's credibility should be weighed together with his previous involvement in these criminal offenses. (See *People v. Pegram* (1987), 152 Ill. App. 3d 656, 504 N.E.2d 958.) The admission of the past convictions did not rise to the level of proof to show defendant's propensity to commit a crime or similar crimes. It did not cause a search for the truth to be based upon the prior convictions rather than solely on the facts of the case and the credibility of the witnesses. (*Cf. People v. Pruitt* (1988), 165 Ill. App. 3d 947, 520 N.E.2d 867.) The trial court did not abuse its discretion in admitting defendant's prior convictions for the limited purpose of impeachment.

We are unpersuaded by defendant's argument that the prejudicial impact of the evidence outweighed its probative value because the jury might believe defendant stole the car only on the basis that he "had previously committed the crime of theft of credit cards." Defendant also argues that "use of the Credit Card Act conviction immediately after use of the robbery conviction improperly suggested to the jury that defendant had stolen credit cards and thus was more likely to have improperly possessed the victim's cards and thus more likely to have knowledge that the car was stolen." This reasoning is much too tenuous and fails to demonstrate sufficient prejudice to establish that the trial court abused its discretion in balancing the probative value of permitting this impeachment evidence to go before the jury.

■ ■ Defendant next contends that he was denied a fair trial as a result of the introduction of evidence of his statement to the police that the car belonged to his attorney, where it was a custodial interrogation and he had not yet received *Miranda* warnings.

Defendant waived this issue on review by failing to move to suppress the statement, failing to object at trial, and failing to object in a post-trial motion. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124; *People v. Cimino* (1970), 45 Ill. 2d 556, 257 N.E.2d 97.) Notwithstanding this waiver, we find that the on-the-scene questioning here was not the type of compelling atmosphere inherent in the process of custodial interrogation. (See *Miranda v. United States* (1966),

384 U.S. 436, 478, 16 L. Ed. 2d 694, 726, 86 S. Ct. 1602, 1630.) Defendant was parked in a car on a public street in daylight. The police approached and immediately, without any lengthy interrogation, asked who owned the car. The fact that the two police cars, arriving in opposite directions, parked in front of and behind defendant does not transform this into a custodial setting. Defendant was not denied a fair trial by the introduction of this statement.

■■ ■ Defendant finally contends that he was denied a fair trial where the State improperly shifted the burden of proof in its rebuttal closing argument when it argued defendant's "testimony was inconsistent, groundless speculation, and a manipulation of facts," and concluded that the jury should "hold the defendant responsible for his actions." Defendant insists that the argument was improper because it "focused the jury's attention on defendant's testimony and its inadequacies and not on the evidence of the crime which it had presented to meet its burden."

The prosecutor asserted that defendant's testimony was inconsistent with the facts and contrary to ordinary experience. The court sustained an objection. The prosecutor went on to state the defendant's testimony was inconsistent with what he originally told the police about the car being owned by his attorney, and argued that his testimony was groundless speculation and endless manipulation of the facts.

Absent a clear abuse of discretion, we will not disturb the trial court's determination of the propriety of closing argument. (*People v. Lasley* (1987), 158 Ill. App. 3d 614, 511 N.E.2d 661.) The argument merely reflected the evidence at trial, including defendant's testimony, which was strongly contradicted by the overwhelming evidence of guilt presented by the State. Defendant contradicted Taylor's testimony and his own statements to the police. We find no improper argument and no improper shifting of the burden of proof. In any event, there is no indication that the jury would likely have reached a contrary verdict absent the argument. See *People v. Townsend* (1985), 136 Ill. App. 3d 385, 483 N.E.2d 340.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and QUINLAN, J., concur.