JOAN LUNDELL, Plaintiff-Appellee, v. ONOFRIO CITRANO, Defendant-Appellant.

First District (5th Division)   No. 83—2223

Opinion filed December 7, 1984.

Robert Guilfoyle, of Law Office of Tim J. Harrington, of Chicago, for appellant.

Ambrose & Cushing, P.C., of Chicago (F. John Cushing III, of counsel), for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, Onofrio Citrano, appeals from a judgment entered on a jury verdict awarding plaintiff $27,000 for personal injuries sustained in an automobile accident. On appeal, defendant raises three issues: (1) whether the plaintiff's attorney violated an *in limine* order in his examination of Dr. Szwud, an expert witness; (2) whether the plaintiff violated an *in limine* order in her testimony regarding treatment of her lower back; and (3) whether the trial court erred in denying defendant's motion to strike part or all of the testimony contained in an evidence deposition which was read to the jury. For the reasons which follow, we affirm.

On February 23, 1978, around 3 p.m., the plaintiff was stopped in her automobile at a traffic light. While she waited at the light, she was struck from behind by a second car. A third car, driven by

defendant, collided with the second car as it skidded on wet pavement while attempting to stop behind the second car. Upon impact, plaintiff's head was snapped backwards and forwards, causing her jaw to snap shut. The front of defendant's car was badly damaged, and plaintiff testified at trial that there was damage to her car's bumper. She was impeached on this point by defendant's counsel with her deposition statement that her car had not been damaged.

Following the accident, plaintiff was taken to the emergency room at Lutheran General Hospital. The emergency room doctors examined plaintiff and took X rays of her neck. At that time, she complained of pain in her head and stiffness in her arms, neck, and chest. Plaintiff testified that after she arrived home around 6 p.m., she bit into some toast and part of her front tooth fell off. The tooth was subsequently replaced by her dentist, Dr. Henneman.

On March 1, the plaintiff sought treatment from her family doctor, Dr. Lehman. She continued treatment with Dr. Lehman through December 1980. Initially she complained of tremendous head pain. A few months later she complained of aches in her leg, soreness in her neck, and pain in her back and legs when she walked. After examining plaintiff, Dr. Lehman ordered X rays and prescribed medication and physical therapy. Plaintiff testified that in June of 1980 she had increased back pain, and by December 1980, Dr. Lehman recommended that she see Dr. Szwud, an osteopathic physician.

Plaintiff first consulted Dr. Szwud on January 15, 1981. Between that date and July 1982, she received treatment from Dr. Szwud once a week and then once or twice a month. Plaintiff told Dr. Szwud what her problems were, what had happened, and that she sought relief from those problems. Dr. Szwud administered treatments to plaintiff and prescribed a back brace and a heel lift.

Dr. Szwud testified that on her first visit, plaintiff related a history to him including a neck injury from a car accident three years previous. Her complaints at that time centered in her right arm, in which she experienced pain and numbness. Although plaintiff did not complain of any lower-back pain during her first visit to Dr. Szwud, on her second visit one week later she indicated she had some lower-back spasms. Dr. Szwud diagnosed somatic disfunction of the lumbosacral spine, or the lower back. He stated that in his opinion her lower-back problems were caused by the car accident, and that plaintiff had not indicated any other traumas since the accident which could have caused the lower-back pain.

A particularly painful headache prompted the plaintiff to call Dr. Sargent, a chiropractor, for treatment. In Dr. Sargent's evidence

deposition, which was read to the jury at trial, he recounted that when he first saw plaintiff on September 22, 1982, she complained of headaches, stiffness in her neck, pain in her neck and upper shoulder area, and tingling sensations extending into both arms and fingers. She additionally complained of deep constant ache and pain with a feeling of weakness in her lower back. Various tests were performed, resulting in a finding of pain and tenderness and spasm in the upper back and tenderness and moderate muscle contraction in the lower back. His diagnosis was that there had been an injury of some nature where plaintiff's head or spine had been thrown backwards and forwards, creating injury to muscles and ligaments. Dr. Sargent testified that it was probable that plaintiff's condition was caused by the car accident.

Prior to trial, defendant presented a motion *in limine* to exclude testimony regarding plaintiff's lower-back problems, which defendant alleged were unrelated to the injuries suffered in the accident. The motion *in limine* in pertinent part was to bar the plaintiff or her counsel "from making any remarks or presenting any testimony of any diagnosis or any medical opinion of any alleged injury, other than by competent medical testimony during the *voir dire* examination or during the trial of this cause." The court orally granted the motion.

During the trial but before Dr. Sargent's deposition was read to the jury, defendant moved to strike part or all of the doctor's testimony. The basis of the objection was that Dr. Sargent lacked a history of the plaintiff's lower-back problems and, therefore, any opinion rendered by him as to their cause was speculative and lacking in foundation. The trial court denied the motion to strike. The court concluded that defendant had waived objection to the doctor's deposition testimony by failing to object at the time of the deposition. At the conclusion of the trial, the jury found for the plaintiff and awarded her $27,000. Judgment was entered thereon. Defendant's post-trial motion to vacate and set aside the verdict and judgment and to enter a new trial on all issues, or alternatively, for a new trial solely on the issue of damages, was denied.

## OPINION

The first issue defendant raises on appeal is whether the plaintiff's attorney violated the *in limine* order in his examination of Dr. Szwud. Defendant maintains that plaintiff's attorney's repeated attempts to elicit testimony regarding plaintiff's lower-back problems from Dr. Szwud were in violation of the motion *in limine* because Dr. Szwud was not competent to testify concerning the cause of plaintiff's

lower-back pain. Dr. Szwud's incompetency, defendant contends, was due to the fact that he lacked a history of the plaintiff's lower-back trauma. Plaintiff argues that the *in limine* order was not violated because Dr. Szwud was competent to testify that there was a connection between the accident and plaintiff's lower-back pain. Plaintiff bases this argument on the fact that Dr. Szwud treated plaintiff and formulated his opinion from his personal observations.

A motion *in limine* is a pretrial motion in which the movant seeks an order preventing the presentation of inadmissible evidence at trial. (*Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 194, 359 N.E.2d 752; see also Annot., 63 A.L.R.3d 311 (1975).) The *in limine* order has been characterized as a potent weapon because it enables a party prior to trial to limit or to prohibit interrogation by the other party. (*Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 550, 416 N.E.2d 268.) Because it places these restrictions on the nonmoving party's presentation of its case, it is imperative that the *in limine* order be clear and that all parties accurately understand its parameters. 83 Ill. 2d 545, 416 N.E.2d 268.

We find the *in limine* order granting the defendant's motion lacking the requisite clarity. We initially note that an agreed report of the hearing on the motion was the only evidence in the record that the motion was considered and ruled upon by the trial court. This report, however, merely disclosed that the plaintiff did not object when the defendant presented the motion prior to the trial court's oral granting of the motion, but did not otherwise explain the motion as presented. The written motion merely sought to exclude the plaintiff, or her counsel, from presenting any remarks or any testimony of any diagnosis or medical opinion "other than by competent medical testimony." Since only competent medical testimony should have been admitted, the order excluding "other than competent medical testimony" simply belabored the obvious. Thus, defendant's motion as granted requested nothing more than the application of ordinary evidentiary rules. Accordingly, we find that the testimony was not in violation of the motion *in limine*.

Oral *in limine* motions and orders provide fertile ground for confusion and misunderstanding during the trial. (See *Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 416 N.E.2d 268.) For this reason, in addition to a written motion a written proposed order should be prepared by the moving party prior to the trial court's ruling on the motion. The proposed order must clearly and specifically outline the evidence to be excluded. The trial court's subsequent dis-

position of the motion and its limitations on the presentation of evidence would then be part of the record of the cause.

An *in limine* order protects the moving party from any prejudicial impact that might result simply from asking questions and making objections before the jury. (83 Ill. 2d 545, 549, 416 N.E.2d 268.) A pretrial motion should be utilized to preclude questions designed to introduce evidence such as privileged matters (*Burdick v. York Oil Co.* (Tex. Civ. App. 1963), 364 S.W.2d 766), use of alcohol, regardless of whether any proof of this exists (*Cook v. Philadelphia Transportation Co.* (1964), 414 Pa. 154, 199 A.2d 446), and post-accident repairs (*Roosth & Genecov Production Co. v. White* (1953), 152 Tex. 619, 262 S.W.2d 99). (See generally 20 Am. Jur. Trials *Motion in Limine Practice* secs. 10 through 50 (1973).) Questions pertaining to matters such as these readily create prejudice in the minds of the jurors even with corrective instructions. Here, the questions pertaining to plaintiff's lower-back pain did not of themselves create prejudice. Defendant had the opportunity, of which he took advantage, to object to the questions when they were posed and to obtain a ruling thereon from the trial court. Defendant had no right to utilize the *in limine* procedure to hamper plaintiff's presentation of relevant admissible evidence. See *Lockett v. Bi-State Transit Authority* (1983), 94 Ill. 2d 66, 445 N.E.2d 310.

Defendant's second contention is that the plaintiff violated the *in limine* order in her testimony regarding treatment of her lower back. Defendant alleges that plaintiff violated the *in limine* order by interjecting testimony as to her lower-back pain and Dr. Szwud's treatment of it when she was not competent to do so. Plaintiff states that at no time did she attempt to render a diagnosis or medical opinion pertaining to her back injury or the cause of it. Because plaintiff was testifying as to events affecting her or observed by her, she was competent to testify regarding her physical condition. See *Robinson v. Wieboldt Stores, Inc.* (1982), 104 Ill. App. 3d 1021, 433 N.E.2d 1005. The same principles apply here as with defendant's first issue. The motion *in limine* in the instant case does not satisfy the clarity and accurate understanding requirements set forth in *Reidelberger* and, therefore, cannot be the basis for reversal.

The third issue raised by the defendant is whether the trial court erred in denying defendant's motion to strike part or all of the testimony contained in the evidence deposition of Dr. Sargent which was read to the jury. Defendant argues that the trial court erred in ruling on the motion to strike that defendant had waived any objection to Dr. Sargent's competency by failing to object at the deposition. Dr.

Sargent, defendant asserts, lacked a history of the plaintiff's lower-back problems and, therefore, any opinion rendered by him as to the cause of these problems was speculative and lacking in foundation. Although no objection was made at the deposition, defendant maintains that there has been no waiver of this objection to the competency of Dr. Sargent's testimony. Defendant contends that he was not in a position to object to Dr. Sargent's conclusion that the lower-back problems were connected to the accident until trial. This is so because the plaintiff might have testified that she experienced lower-back pains immediately after the accident, thereby providing a foundation for Dr. Sargent's testimony. Additionally, defendant argues that even if the objection had been made at the deposition, Dr. Sargent's lack of a history as to the plaintiff's back pain could not have been corrected. Plaintiff contends that defendant waived his objection to the competency of the witness by failing to object at the time of the deposition.

Supreme Court Rule 211(c)(1) provides:

> "Grounds of objection to the competency of the deponent or admissibility of testimony *which might have been corrected if presented during the taking of the deposition* are waived by failure to make them at that time; otherwise objections to the competency of the deponent or admissibility of testimony may be made when the testimony is offered in evidence." (Emphasis added.) 87 Ill. 2d R. 211(c)(1).

The key phrase in this case is "which might have been corrected if presented during the taking of the deposition." Timely objections to the competency of a witness at the time of the deposition are necessary to give the opposing party an opportunity to remedy the defect. *Hammer v. Plantke* (1968), 98 Ill. App. 2d 235, 237, 240 N.E.2d 429.

Defendant relies on *Prince v. Hutchinson* (1977), 49 Ill. App. 3d 990, 365 N.E.2d 549, in support of his argument. In *Prince*, objection at trial to a hypothetical question was held not to have been waived by a failure to object at the deposition. The court reasoned that the defendant could not have known at the time of the deposition whether the evidence necessary to admission of the hypothetical question would be in evidence when the deposition was offered at trial. Further, even if an objection had been made, counsel for defendant could not have corrected any gaps in the proof admitted at trial during the deposition. Prior to the supreme court decision in *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, *cert. denied* (1981), 454 U.S. 836, 70 L. Ed. 2d 117, 102 S. Ct. 140, and at the time *Prince* was decided, hypothetical questions asked of expert witnesses could

only include facts in evidence before the jury. (*People v. Yonder* (1969), 44 Ill. 2d 376, 385, 256 N.E.2d 321, *cert. denied* (1970), 397 U.S. 975, 25 L. Ed. 2d 270, 90 S. Ct. 1094.) Undisputed facts were required to be included in framing a hypothetical question. (*Prince v. Hutchinson* (1977), 49 Ill. App. 3d 990, 994, 365 N.E.2d 549.) Because at the time *Prince* was decided the propriety of a hypothetical question depended on the evidence that had or had not been admitted at trial, it was difficult for a party to raise correctable objections to a hypothetical question at an earlier deposition. These special rules attach to the posing of hypothetical questions but are inapplicable in the instant situation.

In these circumstances, objections to deposition testimony of an expert witness which assumes facts without evidentiary support must be made at the time the deposition is taken. (*Moore v. Jewel Tea Co.* (1969), 116 Ill. App. 2d 109, 130-31, 253 N.E.2d 636.) The lack of a foundation for Dr. Sargent's testimony was evident at the time of the deposition and should have been pointed out to afford the plaintiff a chance to remedy the defect. (See *Goldberg v. Capitol Freight Lines, Ltd.* (1943), 382 Ill. 283, 47 N.E.2d 67.) A party should not be allowed to remain silent at the deposition and then object at trial. (*Moore v. Jewel Tea Co.* (1969), 116 Ill. App. 2d 109, 131, 253 N.E.2d 636.) The trial court did not err in ruling that defendant had waived his objection to Dr. Sargent's competency as a witness by failing to object at the deposition or in denying defendant's motion to strike Dr. Sargent's evidence deposition.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN and PINCHAM, JJ., concur.