AMERICAN SAVINGS BANK, Plaintiff-Appellee, v. RAY A. ROBISON *et al.*, Defendants-Appellants.

Fourth District   No. 4—88—0743

Opinion filed May 25, 1989.

Ray A. Robison and Lannie A. Robison, both of Chrisman, appellants *pro se*.

Miller & Ruiten, of Springfield, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The defendants Ray A. Robison and Lannie A. Robison appeal from a judgment of the circuit court of Sangamon County entered in favor of the plaintiff and against the defendants in the amount of $4,900 and attorney fees in the amount of $400. The issues presented for review are: (1) whether the defendants were entitled to receive notice to the buyer remedies upon default as provided in section 20 of the Motor Vehicle Retail Installment Sales Act (Ill. Rev. Stat. 1987, ch. 121½, par. 580); (2) whether the failure of Mr. Ron Loveall, as agent of the plaintiff, to be present at the trial deprived the defendants of their right to cross-examine and confront a witness; and (3) the failure of the plaintiff to grant an extension or renewal of an unpaid balance as provided in section 19 (Ill. Rev. Stat. 1987, ch. 121½,

par. 579) violates the provisions of that statute.

Before proceeding with the merits of the appeal, it is necessary to discuss the provisions of Supreme Court Rule 323 (107 Ill. 2d R. 323). Subsection (c) provides that if no verbatim transcript of the evidence of proceedings is obtainable, the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. (107 Ill. 2d R. 323(c).) Subsection (d) provides that the parties, by written stipulation, may agree upon a statement of facts material to the controversy and file it without certification in lieu of and within the time for filing a report of proceedings. (107 Ill. 2d R. 323(d).) No verbatim transcript of the evidence of the proceedings was available. The appellant did not prepare a proposed report of proceedings, and the parties did not by written stipulation agree upon a statement of facts material to the controversy and file it within the time for filing a report of proceedings.

As stated in *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 584-85, 498 N.E.2d 246, 248:

> "It is appellant's duty to present a complete record on appeal so that the reviewing court is fully informed regarding issues to be resolved. [Citations.] Absent an adequate record on appeal, it is presumed that the trial court's judgment conforms to the law and has a sufficient factual basis."

Only the judge's docket entries of September 14, 1988, and September 23, 1988, reveal the basis for the judgment of the court. The entry of September 14, 1988, states:

> "Cause called for trial witnesses sworn, evidence heard Judgment for plaintiff for $4,900 plus costs against both defendants plus attorney fees."

And the entry of September 23, 1988, states:

> "Judgment entered for attorneys fees $400."

It could be argued that the statement of facts set forth in the appellant's brief is sufficient to bring the issues to the attention of this court. This is because the plaintiff in its appellee's brief "adopts verbatim, the defendant-appellant's statement of facts, with exhibits and same as reprinted below." A statement of facts, however, in an appellant's brief is not sufficient to bring this matter to the attention of the reviewing court as to what transpired and what evidence was presented to the trier of fact.

> "Assertions of the evidence in an appellant's brief, as are contained here, cannot serve as a substitute for a report of proceedings in compliance with Supreme Court Rule 323." (*Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 661,

435 N.E.2d 852, 860.)

Further support for our decision is also found in *People v. Bruhn* (1977), 51 Ill. App. 3d 269, 271, 366 N.E.2d 932, 934:

> "[C]ounsel for both parties filed in this court a stipulation that the report of proceedings on the post-trial motions be 'certified to the record' in this appeal and that it 'serve as the Report of Proceedings in the trial' ***.
>
> In our opinion, a stipulation of the parties cannot transmute this post-trial report into an accurate and acceptable report of proceedings at trial. Neglect or failure to comply with the applicable rules cannot be cured by the statements in a post-trial motion nor in a motion for judgment notwithstanding the verdict or by statements in the briefs which are alleged to constitute admissions of fact."

In the absence of a verbatim transcript or other report of proceedings, the statement of facts contained in the defendant's brief falls outside the record, does not comply with Supreme Court Rule 323, and may not be considered on appeal under that rule. The time for filing the report of proceedings had long passed at the time the defendant filed his brief.

As stated in *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550, 552:

> "[W]here the record does not disclose all of the evidence to the reviewing court, we are required to assume that the evidence heard by the trial court is sufficient to support the judgment."

Because there is no report of proceedings nor compliance with Supreme Court Rule 323, a review of the correctness of the trial court's judgment will not be made.

The judgment of the trial court is affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.