JOSE ISABEL GONZALEZ, Plaintiff-Appellant, v. PRESTRESS ENGI-NEERING CORPORATION, Defendant-Appellee.

Fourth District   No. 4—89—0191

Opinion filed February 28, 1990.

820

Emmanuel F. Guyon, of Streator, for appellant.

Julie Badel and Nancy Ginsberg Ross, both of McDermott, Will & Emery, of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This case comes to us on appeal from the circuit court of Livingston County. The plaintiff brought a retaliatory discharge action against his former employer, the defendant. The jury found the plaintiff was discharged for dishonesty related to a fraudulent workers' compensation claim. The plaintiff appeals, alleging the jury's verdict is contrary to the manifest weight of the evidence, the trial court erred in failing to direct a verdict for the plaintiff, the trial court erred in admitting into evidence administrative and court decisions in the workers' compensation case, the court erred in instructing the jury, the court abused its discretion in not allowing jurors to question witnesses, and the court erred in requiring plaintiff to proceed first in questioning each panel of prospective jurors.

The plaintiff, Jose Gonzalez, was employed by the defendant Prestress Engineering Corporation in 1977 as a general laborer. On Sunday, June 7, 1981, a softball team composed of defendant's employees played a game against a church team. The plaintiff played second base, and in the middle of an inning, a ball was hit to him. The plaintiff's crew leader Bruce Fortner testified the ball bounced off the plaintiff's hand, he yelled something in Spanish, and his face reflected an expression of pain. The plaintiff walked off the field and did not play anymore that day. Fortner testified it was unusual for a player to walk off the field in the middle of an inning as the plaintiff did.

On Monday, June 8, 1981, the plaintiff was working on a setup crew at the defendant's place of business. He was using a portable hydraulic jack called a port-a-power to align one side of a steel form into which concrete would be poured. Between six and eight o'clock in the morning he reported to Fortner that he hurt his right little finger on the port-a-power. Fortner testified that he was working approximately 200 feet away from the plaintiff at the other end of the form. Fortner stated that he did not hear the plaintiff cry out.

Fortner accompanied the plaintiff to the office of the plant superintendent Dale Lanning. Lanning made arrangements for the plaintiff to be taken to the hospital for medical treatment and filled out an accident report, Illinois Industrial Commission form 45. The defendant initiated payment of temporary disability benefits to the plaintiff and also began paying his medical bills in accordance with the Workers'

Compensation Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*). Sometime after the plaintiff reported his injury, Fortner informed Lanning the plaintiff had injured his finger at a softball game the day before he reported the injury at work. After consulting with the attorney who represented the company in workers' compensation cases, the defendant stopped all payments to the plaintiff. The last payment for medical benefits was made on August 27, 1981.

On August 3, 1981, the plaintiff filed a workers' compensation claim with the Illinois Industrial Commission (Commission) for the injury, which he claimed took place on June 8, 1981. The Commission's arbitrator heard the claim in August 1982 and found that the plaintiff's injury was not sustained in the course of his employment.

After receiving the decision, Lanning and Harding discussed the matter and decided to terminate the plaintiff's employment because he falsely reported the injury as work related. Lanning gave the plaintiff a letter of termination on September 20, 1982.

The Commission affirmed the decision of the arbitrator. The Commission's decision was affirmed by the circuit court of La Salle County in an order filed on December 17, 1985, in case No. 85—MR—13. This was in turn affirmed by the Industrial Commission division of the appellate court in a Rule 23 order dated August 13, 1986, in *Gonzalez v. Industrial Comm'n* (1986), 145 Ill. App. 3d 1169, 511 N.E.2d 282 (unpublished order under Supreme Court Rule 23).

On October 4, 1982, the plaintiff filed a complaint in the circuit court of Livingston County, case No. 82—L—37, alleging the tort of retaliatory discharge. The circuit court ordered the case dismissed on March 21, 1983. A notice of appeal to this court was filed on April 19, 1983. This court affirmed the trial court's dismissal in a Rule 23 order, *Gonzalez v. Prestress Engineering Corp.* (1983), 118 Ill. App. 3d 1167, 470 N.E.2d 663 (unpublished order under Supreme Court Rule 23). This court's decision in turn was appealed to the supreme court, which overturned the decision in *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280.

After receiving the mandate of the supreme court, a jury trial was commenced on September 20, 1988, in Livingston County in this cause for retaliatory discharge. The jury's decision for the defendant was filed on September 22, 1988. On March 3, 1989, the trial court denied the last of the plaintiff's post-trial motions. A notice of appeal was filed on March 7, 1989.

■■ ■ The plaintiff first argues the decision of the jury in this case is against the manifest weight of the evidence. A jury's verdict is against the manifest weight of the evidence only if it is wholly unwar-

ranted by the evidence or clearly the result of passion or prejudice. (*Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, 473 N.E.2d 1322.) In order to prove a retaliatory discharge for filing a workers' compensation claim, a plaintiff must establish: (1) he was an employee before the injury; (2) he exercised a right granted by the Act; and (3) he was discharged and the discharge was causally related to filing a claim under the Act. *Lewis v. Zachary Confections Co.* (1987), 153 Ill. App. 3d 311, 505 N.E.2d 1087.

On appeal, the plaintiff continues to maintain that he did nothing which would justify his discharge by the defendant. The Commission found the injuries sustained by the plaintiff were not related to his work. It is the position of the defendant that plaintiff was discharged for his dishonesty in filing a claim which he knew to be false, rather than for filing the claim itself.

The plaintiff contends that an adverse finding by the Commission should not become an opportunity for an employer to terminate an employee who files a claim, nor should such a finding be equated automatically with dishonesty. He argues that by upholding the circuit court we would encourage employers to take retaliatory action against any employee who files an unsuccessful claim with the Commission. Although an employer may discharge an employee for any reason or no reason, an employer cannot discharge an employee in violation of public policy. *Pethan v. Peavey Co.* (1989), 188 Ill. App. 3d 126, 544 N.E.2d 17.

> "An employer in this State, who does not come within the classes enumerated by Section 3 of this Act, may elect to provide and pay compensation for accidental injuries sustained by any employee, arising out of and in the course of the employment according to the provisions of this Act ***." Ill. Rev. Stat. 1981, ch. 48, par. 138.2.

The public policy of this State as set out in section 2 of the Act is to provide compensation for accidents which are in some way related to the employee's work. (Ill. Rev. Stat. 1981, ch. 48, par. 138.2.) We recognize there may be cases where the injured worker may not be able to establish or may not definitely know himself that his injury is work related. That is not the case we are presented with here. Public policy demands the protection of workers who file legitimate claims which arise from work related accidents. It cannot be held to protect those who file false claims. It must be kept in mind the plaintiff had his day in court, the jury returned a verdict for defendant, and judgment was entered thereon.

The evidence showed the circumstances were such that the

jury could find that plaintiff could not have been mistaken about when or how he was injured. The second element of wrongful discharge requires the plaintiff show the causal relationship between the employee's activities and the discharge. The causality element will not exist where the basis for the discharge is valid and nonpretextual. (*Pethan v. Peavey Co.* (1989), 188 Ill. App. 3d 126, 544 N.E.2d 17.) Here the plaintiff tried to show the defendant's charge of dishonesty against him was merely pretextual by attempting to show an ongoing pattern of discharging employees who filed workers' compensation claims. Although the plaintiff was able to show that many of the workers who filed such claims were no longer employed by the defendant, he failed to show a connection between the filings and the termination of employment. Defendant was able to show that those workers no longer employed were mostly immigrant workers who had failed to respond to recall notices sent after regular seasonal layoffs. The jury could find the plaintiff failed to overcome the defendant's showing of a valid nonpretextual reason for his dismissal.

██ The plaintiff seems to suggest that because the defendant here initially treated the plaintiff's claim as *bona fide*, this constitutes an admission the claim was legitimate or somehow estops the defendant from later denying the claim. The fundamental purpose of the Act is to afford protection to employees by providing them with prompt and equitable compensation for their injuries. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.) We find it is in keeping with this policy to reject the plaintiff's arguments. The employer acted responsibly, paying the medical expenses and lost wages of the plaintiff until it had positive information the plaintiff was not injured at work. It would not now be appropriate to penalize the defendant by holding that its initial decision to provide coverage was some sort of admission or estopped it from altering its earlier conclusion.

██ Ultimately, the resolution of this case depended on the credibility of the witnesses. The credibility of the witnesses and the weight to be given their testimony is uniquely the province of the jury. (*Netzel v. United Parcel Service* (1989), 181 Ill. App. 3d 808, 537 N.E.2d 1348.) The Industrial Commission proceedings are relevant as evidence to show defendant's motivation to discharge plaintiff. The jury had the opportunity to observe the witnesses and hear their testimony. Upon the evidence presented, the jury could properly find the plaintiff failed to prove his discharge was causally related to filing a claim under the Act. Dishonesty in filing a workmen's compensation claim is not an activity protected under *Lewis*. The jury's verdict is not against the manifest weight of the evidence.

■ The plaintiff next contends the trial court erred when it failed to enter a directed verdict for the plaintiff. Although the evidence here would not support a directed verdict, it is not necessary for us to reach the merits of the plaintiff's argument. The plaintiff did not move for a directed verdict either at the close of his case in chief or at the close of all the evidence. The plaintiff has attempted to argue around this omission by noting that a court can enter a directed verdict on its own motion. The question here, however, is whether, having failed to move for a directed verdict, the plaintiff can now raise this as an error on appeal. In *Froman v. Day* (1967), 87 Ill. App. 2d 250, 231 N.E.2d 10, this court held the failure to move for a directed verdict precluded the presentation of this question to the court on review. As the plaintiff failed to so move, he is precluded from raising this issue on appeal.

The plaintiff did file a motion *in limine*, which would have limited the defendant to introducing evidence only that a claim had been filed with the Industrial Commission and that it had been adjudicated. The contents of the finding, the ultimate decision of the Commission, and any of the subsequent litigation would not have been permitted into evidence. The trial court denied this motion. When the decisions of the arbitrator, the Commission, and the circuit and appellate courts on review were entered into evidence in the course of the trial, the plaintiff made no objections. The plaintiff argues the court improperly denied its motion *in limine* and that it improperly took judicial notice of the arbitrator's decision and the other administrative and legal proceedings in this matter.

■ The requirement that a contemporaneous objection be raised when the evidence is offered is not obviated by the denial of a motion *in limine*. (*Romanek-Golub & Co. v. Anvan Hotel Corp.* (1988), 168 Ill. App. 3d 1031, 522 N.E.2d 1341.) In that case, the court held the defendant's failure to object to the admission of certain documents after his motion *in limine* had been denied waived the issue on review. It reasoned that a motion *in limine*, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. A party must therefore object or renew his motion when the evidence is offered to preserve his objection on appeal. "We have consistently held that experienced counsel cannot take a chance of failing to make objections and then, upon receiving what they consider an adverse jury verdict, claim error." (*County of Cook v. Colonial Oil Corp.* (1958), 15 Ill. 2d 67, 75, 153 N.E.2d 844, 848.) Here counsel failed to object at trial when the evidence was admitted and so plaintiff's objections are waived.

Plaintiff also contends the trial court erred when it refused a number of his own jury instructions and gave some instructions of its own or of the defendant. First, it is necessary to note that plaintiff objects to the court's refusal to give plaintiff's instruction No. 13. However, this instruction was given.

■ To preserve an objection as to an instruction, one must set it forth with specificity to advise the trial court of the ground of the objection before ruling. A party's general objection below, and his failure to cite authority in his brief or in the arguments made on appeal, will not suffice to preserve an issue for a reviewing court's consideration. (*Finke v. Woodard* (1984), 122 Ill. App. 3d 911, 921, 462 N.E.2d 13, 20.) Most of the questions raised as to the jury instructions are presented to us without citation or argument on appeal, and we decline to consider these. Plaintiff's objection to the refusal of his instruction No. 9 contains citations but no argument, and we cannot discern the precise grounds on which plaintiff objects, given that the cases cited contain neither holdings related to jury instructions nor any issue reasonably related to issues presented here. For this reason plaintiff's objection is waived.

■ In regard to plaintiff's instruction No. 10, the court did give the portion of the instruction which quoted the relevant statutes. However, because the remainder of the instruction was duplicative of the burden-of-proof instruction (court's instruction No. 5), the court properly refused to give that portion of the instruction. (See *Fornoff v. Parke Davis & Co.* (1982), 105 Ill. App. 3d 681, 434 N.E.2d 793.) All other objections in regard to the jury instruction are waived for failure to properly preserve or present the issue on appeal.

■ The plaintiff next argues it was error for the trial court to refuse to allow members of the jury to question the witnesses. A cause will not be reversed for alleged improper rulings unless the court's discretion has been abused. Neither legislation nor supreme court rules provide for the procedure suggested by plaintiff. It is clear the trial court did not abuse its discretion in denying plaintiff's request.

■ Finally, the plaintiff maintains the trial court erred in requiring the plaintiff to initiate the *voir dire* of each panel of jurors selected. The plaintiff has not provided us with any means of reviewing the *voir dire* of the jurors in this case. The *voir dire* was recorded, but has not been transcribed and has not been made a part of the record by the plaintiff. In the absence of a verbatim transcript or other report of proceedings, the statement of facts contained in the plaintiff's brief falls outside the record, does not comply with Supreme

Court Rule 323 (107 Ill. 2d R. 323), and may not be considered on appeal. (*American Savings Bank v. Robison* (1989), 183 Ill. App. 3d 945, 539 N.E.2d 820.) It is the plaintiff's responsibility to provide a complete record on appeal and having failed to do this, we decline to consider this issue on appeal. The plaintiff's argument as to the *voir dire* of the jury is waived.

On the merits, the procedures plaintiff suggests were followed by the trial court were consistent with supreme court rules (107 Ill. 2d Rules 233, 234).

The decision of the circuit court is affirmed.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.