JOHN T. CUNNINGHAM *et al.*, Plaintiffs-Appellants, v. MILLERS GENERAL INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—91—0576

Opinion filed April 15, 1992.

Howard R. Baker, Jr., of Nessler, Clark & Shay, of Decatur, for appellants.

James T. Ferrini, Michael L. Foran, and Susan Condon, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiffs, John T. Cunningham and Cora L. Cunningham, appeal from a jury verdict entered in the circuit court of Macon County in favor of defendant, Millers General Insurance Company. Plaintiffs argue the trial court improperly allowed the jury to hear evidence of a prior fire at plaintiffs' property. We disagree and affirm.

Plaintiffs owned and occupied a residence in Decatur, Illinois, which was insured against fire by defendant. At about 1 a.m. on March 1, 1987, after Cora Cunningham returned from working a 3:30 p.m. to 12 midnight shift, plaintiffs left to visit relatives in Chicago. A few hours later, at approximately 3:25 a.m., the Decatur fire department received a call for a fire at plaintiffs' home. When fire fighters arrived at the scene, the fire was already very smoky and extremely hot. At that time plaintiffs were driving to Chicago. Plaintiffs spent the day in Chicago, then returned to Decatur at dawn on March 2, and discovered the fire had occurred. Several fire investigation experts independently concluded that the fire was intentionally started based on (1) the pattern of the fire, which indicated that it was set using liquid accelerants, and (2) samples from plaintiffs' home, which confirmed the presence of kerosene and naphtha. There was no direct evidence as to who set the fire. Plaintiffs submitted a sworn proof of loss to defendant, but defendant denied the claim.

On February 9, 1988, plaintiffs filed a complaint against defendant. A jury trial was held from March 25 through March 28, 1991. At the start of the trial plaintiffs made a motion *in limine* to prevent defendant from introducing evidence of a prior fire at their home in 1981. After a hearing the trial court denied the motion *in limine*, but reserved the right to modify the ruling. During the trial, plaintiffs attempted to show that someone else could have started the 1987 fire. Plaintiffs testified about threats, including a bomb threat received before the fire, and an arson attempt on one of their vehicles. Their testimony was supported by the testimony of Terry L. Brown, fire inspector, and Rick Jones, investigator for the Decatur police department.

During the trial, defendant introduced evidence of the prior fire. On cross-examination during their case in chief, and on direct examination during their rebuttal testimony, plaintiffs testified that their home had been damaged by a fire in 1981, and that they had recovered $30,000 on their insurance based on that fire. At the time of the 1981 fire plaintiffs had also been traveling to Chicago in the early morning, after Cora worked second shift. The Decatur fire department had been called to the 1981 fire at about 2:30 a.m., not long af-

ter plaintiffs had left for Chicago. Plaintiffs testified that they often left for Chicago early in the morning after Cora worked second shift.

Defendant called Thomas Chamblin, a certified fire inspector with more than 20 years of experience. In 1981 Chamblin investigated the earlier fire and classified it as suspicious. Illustrating his testimony with photographic slides, Chamblin described the physical evidence at the scene. Chamblin testified the fire started on the floor in one of the bedrooms, and was hot and low burning, which indicated an accelerant had probably been used on the floor. Chamblin had determined that the resulting hole in the bedroom floor was the point of origin, even though it was located away from any natural source of ignition that might have caused the fire. During the 1981 fire investigation Chamblin had tested the premises for accelerants, but had not found any present. Chamblin explained that because accelerants could have been consumed by the fire or removed during fire-fighting efforts, a negative test did not prove that accelerants had not been used. On cross-examination, Chamblin indicated that in an unusual situation the burn pattern of the 1981 fire could have existed without the use of accelerants.

Relying on *Wernowsky v. Economy Fire & Casualty Co.* (1985), 106 Ill. 2d 49, 477 N.E.2d 231, plaintiffs argue the trial court erred in allowing testimony about the 1981 fire. In *Wernowsky*, plaintiffs sued to recover the proceeds of a homeowner's insurance policy issued by defendant on plaintiffs' home after it burned. Defendant was allowed to introduce evidence that plaintiffs had suffered three fire losses in the four years immediately prior to the fire which was the subject of the case. The trial court in *Wernowsky* determined that the occurrence of the prior fires should be admitted to show motive or knowledge, but decided not to allow an explanation by defendant of the circumstances surrounding the previous fires, reasoning that would be unfair to plaintiffs. The supreme court held the other fires could not be admitted without some showing that the other fires were incendiary in origin, and some evidence either direct or circumstantial that the insureds participated in them. (*Wernowsky*, 106 Ill. 2d at 55, 477 N.E.2d at 234.) The supreme court did not hold that evidence of prior fires could never be admitted, but only that there was insufficient foundation for admission of that evidence in the case before it. Although more foundation was laid in the present case than in *Wernowsky*, we need not decide whether the evidence was properly admitted here.

Defendant argues plaintiffs failed to preserve the *Wernowsky* issue for review because, after the court's ruling on the motion *in*

*limine,* they failed to make any objection at the time the evidence was introduced. We agree.

A motion *in limine* permits a party to obtain, in advance, an order excluding inadmissible evidence and prohibiting interrogation concerning such evidence. The moving party will thereby be protected from any prejudicial impact the mere asking of the questions and making of the objections may have upon a jury. (*Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 549, 416 N.E.2d 268, 271.) A disadvantage of a motion *in limine* is that a court rules on it in a vacuum, before hearing the full evidence at trial that may justify admission or require exclusion. Trial judges should be cautious in entering broad *in limine* orders, attempt to anticipate proper evidence that might be excluded by the order (*People v. Williams* (1978), 60 Ill. App. 3d 529, 535, 377 N.E.2d 367, 371 (Green, P.J., dissenting)), and make the order clear and precise so that all parties concerned have an accurate understanding of its limitations. (*Reidelberger,* 83 Ill. 2d at 550, 416 N.E.2d at 271; *Lundell v. Citrano* (1984), 129 Ill. App. 3d 390, 395, 472 N.E.2d 541, 545 (order barred presentation of any diagnosis or medical opinion " 'other than by competent medical testimony' ").) An unclear order *in limine* is worse than no order at all; even if the court concludes the evidence is inadmissible, it has the discretion to deny the motion *in limine.* (*Williams,* 60 Ill. App. 3d at 533, 377 N.E.2d at 370.) To prevent confusion and misunderstanding during trial, both the motion *in limine* and the resulting order should be in writing. *Lundell,* 129 Ill. App. 3d at 395, 472 N.E.2d at 545.

Orders *in limine* are potentially dangerous, but such orders are interlocutory and remain subject to reconsideration by the court throughout the trial. (*Romanek-Golub & Co. v. Anvan Hotel Corp.* (1988), 168 Ill. App. 3d 1031, 1040, 522 N.E.2d 1341, 1347; *Ely v. National Super Markets, Inc.* (1986), 149 Ill. App. 3d 752, 760, 500 N.E.2d 120, 126.) A court should make whatever correction or interpretation of an *in limine* order is necessary during the trial. (*Crawford County State Bank v. Grady* (1987), 161 Ill. App. 3d 332, 341, 514 N.E.2d 532, 538.) Where the evidence could be prejudicial, an order granting a motion *in limine* may be safer than an order denying it; the evidence will then be kept out until it is clear it should be admitted. Sometimes it may be appropriate not to allow comment on questionable evidence during opening statements. Still, a court should carefully analyze a motion *in limine* when the motion is first presented. Changed rulings destroy the desired certainty and clarity of an *in limine* order. It is a mistake for a court to continually shift its ruling as different evidence is presented and never reach a firm deci-

sion. (*Reidelberger*, 83 Ill. 2d at 551-52, 416 N.E.2d at 272.) Once a motion *in limine* is granted, the movant must be vigilant and object when evidence is presented which may violate the order. The purpose of an *in limine* order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated. *Reidelberger*, 83 Ill. 2d at 553, 416 N.E.2d at 272.

■■ When a motion *in limine* is denied, the unsuccessful movant is left with the procedure of specifically objecting to the evidence when it is offered at trial. (*Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 195, 359 N.E.2d 752, 759; *People v. Van Riper* (1970), 127 Ill. App. 2d 394, 398, 262 N.E.2d 141, 144; *Williams*, 60 Ill. App. 3d at 533, 377 N.E.2d at 370.) The rule is well established that the denial of a motion *in limine* does not preserve an objection to disputed evidence later introduced at trial. The moving party remains obligated to contemporaneously object when the evidence is offered or the objection will be waived. *Gonzalez v. Prestress Engineering Corp.* (1990), 194 Ill. App. 3d 819, 825, 551 N.E.2d 793, 798; *Romanek-Golub & Co.*, 168 Ill. App. 3d at 1040, 522 N.E.2d at 1347; *People v. Armstrong* (1983), 111 Ill. App. 3d 471, 478-79, 444 N.E.2d 276, 281.

■■ During the trial, no objection was raised when plaintiffs were cross-examined about the 1981 fire, nor when Chamblin testified about plaintiffs' activities preceding that fire and the fire's cause and origin. Plaintiffs themselves cross-examined Chamblin concerning the 1981 fire and testified about the fire on direct examination during their case in rebuttal. At the very close of the evidence, plaintiffs objected to the admission of four slides of the 1981 fire scene which had been shown to the jury during Chamblin's testimony:

"DEFENDANT'S ATTORNEY: Also admission of the slides, 19 through 23.

PLAINTIFFS' ATTORNEY: No objection.

THE COURT: They are admitted.

PLAINTIFFS' ATTORNEY: For the purpose of the record, could I have an objection to that to preserve my motion *in limine*.

THE COURT: Yes. Defendant's 16.

PLAINTIFFS' ATTORNEY: No objection.

THE COURT: Admitted. Number 17 has been admitted."

Plaintiffs contend their objection to the admission of the slides specifically preserved the issues raised by their motion *in limine*. We disagree. Where a party objects to certain evidence but fails to object to

similar evidence admitted by the trial court, the party waives any claim that the evidence objected to was erroneously admitted. (*Gillespie v. Chrysler Motors Corp.* (1990), 135 Ill. 2d 363, 374, 553 N.E.2d 291, 296; *Bullard v. Barnes* (1983), 112 Ill. App. 3d 384, 392, 445 N.E.2d 485, 492, *aff'd* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228.) The slides were only cumulative evidence since Chamblin's testimony independently established the cause and origin of the 1981 fire. Plaintiffs' *pro forma* objection after all the evidence had been introduced did not give the trial court an opportunity to consider the issues raised by the motion in an evidentiary setting. When the objection was made, it was too late for the court to exclude the evidence. The trial court's enigmatic answer to plaintiffs' request to preserve the motion *in limine* did not absolve plaintiffs of their duty to object at the time the evidence was introduced.

The rule of waiver is a limitation on parties and not on reviewing courts. In reviewing circuit court judgments, reviewing courts may, in the furtherance of their responsibility to reach a just result, override considerations of waiver and consider a point which was either not raised or not argued by an appellant. (*In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 446, 557 N.E.2d 869, 871; *Welch v. Johnson* (1992), 147 Ill. 2d 40, 48.) The plain error doctrine is recognized in civil as well as criminal cases, although it finds greater application in criminal cases. (*Belfield v. Coop* (1956), 8 Ill. 2d 293, 313, 134 N.E.2d 249, 259; *Gillespie*, 135 Ill. 2d at 375, 553 N.E.2d at 297.) However, the waiver doctrine is strictly applied unless the prejudicial error was so egregious that it deprived the complaining party of a fair trial and substantially impaired the integrity of the judicial process. (*Gillespie*, 135 Ill. 2d at 377, 553 N.E.2d at 298.) There was no egregious error here, nor was the integrity of the judicial process impaired.

Sometimes a trial court's ruling on a motion *in limine* is so definite and unconditional that the parties may treat it as controlling. (*Woodward v. Mettille* (1980), 81 Ill. App. 3d 168, 178, 400 N.E.2d 934, 943.) The Second District Appellate Court has declined to find a waiver where it appeared defendant failed to object based on defendant's misinterpretation that the court's ruling on the motion *in limine* conclusively admitted the evidence. (*Lundberg v. Church Farm, Inc.* (1986), 151 Ill. App. 3d 452, 460, 502 N.E.2d 806, 812.) In the present case the trial court specifically reserved the right to modify its ruling. It would be exceptional for a further objection not to be made after the denial of a motion *in limine*. No justification for applying such an exception exists in this case. The movant did not object at a time

when the objection could have been acted upon by the trial court and should not be allowed to raise the issue after reflection. The issue has been waived.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.