NO.  5-95-0578

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

CHRIS BROWN,                   )  Appeal from the

                               )  Circuit Court of

     Plaintiff-Appellant,      )  Williamson County.

                               )

v.                             )  No. 94-L-87  

                               )

TIMOTHY BAKER,                 )  Honorable

                               )  William H. Wilson,

     Defendant-Appellee.       )  Judge, presiding.

_________________________________________________________________

     JUSTICE MAAG delivered the opinion of the court:

     Plaintiff obtained a jury verdict and judgment against

defendant.  Plaintiff filed a posttrial motion seeking a new trial

on damages only.  The motion was denied and plaintiff appealed. 

     The facts are as follows.  Plaintiff, Chris Brown, filed a

complaint against defendant, Timothy Baker, alleging that defendant

negligently collided with plaintiff's automobile, causing property

damage and personal injury.  

     Defendant filed a written admission of liability on the

morning of trial. 

     For his damages, plaintiff claimed injuries to the person,

pain and suffering, and medical expenses.  Plaintiff alleged that

he experienced pain in his neck and lower back.  The treating

physician testified that plaintiff had a herniated disc in his

lower back.

     Prior to trial, plaintiff's physician was deposed.  Defense

counsel asked on cross-examination whether the physician had

treated plaintiff for a previous back problem prior to the

accident.  The physician replied affirmatively over plaintiff

counsel's objection.

     Before trial, defendant filed a motion in limine seeking to

prevent plaintiff from limiting defendant's inquiry into the prior

back injury.  The court granted that portion of defendant's motion

over plaintiff's objections.  Consequently, defendant was able to

inquire as to plaintiff's previous back injury.  However, the

record fails to indicate that defense counsel ever elicited

testimony to suggest that plaintiff's current ailments were

causally related to plaintiff's prior back problem.

     Among the instructions tendered by the plaintiff was an

instruction requesting damages for "physical injury to the body

(not otherwise included in the elements of loss of a normal life or

pain and suffering)."  The court refused the instruction.  

     The jury awarded plaintiff $4,912.50.  Plaintiff now appeals.

     On appeal, plaintiff contends:

     (1)  The trial judge erred in allowing evidence of

          plaintiff's prior back injury;

     (2)  The trial judge erred in failing to give

          plaintiff's instruction on physical injury to

          the body (not otherwise included in the ele-

          ments of loss of a normal life or pain and

          suffering); and 

     (3)  The trial judge abused his discretion in

          failing to order a new trial in light of the

          jury's award of $4,912.50, which was palpably

          inadequate and the result of passion and

          prejudice by the jury against plaintiff.

     Plaintiff first argues that the trial judge erred in allowing

the defendant to introduce evidence of plaintiff's prior back

injury.  The evidence, plaintiff asserts, should not have been

admitted because defendant did not show a causal connection between

the past and present back injuries.  We agree.

     It is well settled in Illinois that a plaintiff in a negli-

gence action bears the burden of proving duty, breach of duty, and

proximate cause of the injury.  Taake v. WHGK, Inc., 228 Ill. App.

3d 692, 711, 592 N.E.2d 1159 (1992). 

     Generally, a plaintiff in a personal injury case must present

the testimony of a medical expert to establish causation if the

relationship between the claimed injury and the event in question

requires special knowledge and training to establish.  For example,

if a plaintiff suffers a cut in an accident, the jury can readily

determine without expert testimony that the accident caused the

cut.  But, if the nature of plaintiff's injury is complex or if the

condition could be the result of some event or condition other than

the accident in question, then expert testimony may be needed to

establish the particular event that caused the pain and the

underlying medical condition.  This proof of causation is usually

accomplished by presenting testimony from a physician on the

causation issue.  Plooy v. Paryani, 275 Ill. App. 3d 1074, 657

N.E.2d 12 (1995). 

     We recognize that, historically, when determining whether a

defendant must show causation regarding a preexisting condition,

Illinois courts have focused merely on whether the prior and

present injuries were to the same part of the body.  We find this

analysis to be in need of refining.

     We are compelled to first consider the reasoning behind the

longstanding "same part of the body" rule.  Generally, a defendant

in a personal injury case may cross-examine a plaintiff regarding

any previous injuries if they are relevant and similar to those at

issue.  Leahy v. Illinois Power Co., 103 Ill. App. 3d 487, 431

N.E.2d 390 (1981).  The rationale for allowing such evidence is to

allow a defendant to show that plaintiff's present ailments

resulted from a previous accident or injury and not from the events

which gave rise to the current litigation.  Saputo v. Fatla, 25

Ill. App. 3d, 775, 324 N.E.2d 34 (1975).  As long as the past and

present injuries affected the same part of the body, evidence of

the prior injury has been admissible without a further showing that

it is causally related to the current injury.

     This rule leaves room for curious results.  For instance, a

childhood knee injury (falling and bruising a knee) could arguably

be admissible in the case of a later alleged knee injury, without

any further showing of relevance or causation, even if the prior

injury had completely healed and been symptom free for decades.  In

fact, when asked at argument about such a scenario, defense counsel

adopted this very position.  Such a rule defies common sense.

Obviously, evidence of the old injury is presented to imply to the

jury that the old injury, and not the occurrence presently at

issue, is responsible for the plaintiff's current complaints. 

Without the benefit of testimony regarding causation in these

instances, jury members are invited to speculate on a nexus between

the past accident and the present injury.  Such unfounded conjec-

ture and guesswork constitutes a violation of the very cautionary

instructions given to every Illinois juror in civil cases. 

Illinois Pattern Jury Instructions, Civil, No. 1.01[3] (3d ed.

1995).

     If a prior injury has long since healed and has shown no

recurring symptoms, a defendant should not be permitted to

introduce evidence of the prior injury without establishing

causation. 

     So that our decision is clear, we are not changing the

evidentiary rules that regulate the admission of evidence to prove

causation.  We simply hold that the same standard applicable to the

plaintiff on the issue of causation should also apply to the

defendant.  If a plaintiff would be required to present expert

testimony on causation, the defendant should also be required to do

the same.  Thus, even if the plaintiff injured the same part of his

body which he had injured previously, if defendant wishes to claim

that the present problem is related to the prior injury, the same

standard applicable to a plaintiff proving causation should be

applied to defendant's attempt to prove causation.  Accordingly,

the court erred in admitting evidence that plaintiff had suffered

a prior back injury solely on the basis that it involved the same

part of the body.

     Although defendant urges us to base our ruling on Wilson v.

Granite City Steel Division of National Steel Corp., 226 Ill. App.

3d 96, 589 N.E.2d 660 (1992), that case is distinguishable.  In

Wilson, we found that evidence of plaintiff's prior knee injury was

properly admissible without an independent showing of causation. 

Wilson, 226 Ill. App. 3d at 112, 589 N.E.2d at 670.  In Wilson, the

plaintiff had previously injured his knee and filed a claim for

that injury.  There was evidence that the symptoms from the prior

injury were similar, and most importantly, in the previous injury

case the plaintiff's doctor testified that plaintiff's symptoms

were permanent.  Wilson, 226 Ill. App. 3d at 108, 589 N.E.2d at

668.  Because the symptoms were both similar and permanent, the

defendant in Wilson was not compelled to show causation in order to

admit evidence of the prior injury.  We find no fault with such

reasoning.

     In the instant case, by contrast, there was no evidence of

permanent injury due to plaintiff's prior back injury.  Thus, it

was incumbent upon the defense in this case to make an independent

showing of causation for evidence of the prior back injury to be

admissible.  We must, therefore, reverse and remand for a new trial

on damages.

     We find no merit in defendant's contention that plaintiff

waived his objection to the admission of the prior-injury evidence. 

Defendant notes that plaintiff did not contemporaneously object to

the evidence at trial, and therefore, defendant asserts that

plaintiff waived the issue.

     The law in Illinois clearly provides that a denial of a motion

in limine does not preserve an objection to disputed evidence later

introduced at trial.  When a motion in limine is denied, a

contemporaneous objection to the evidence at the time it is offered

is required to preserve the issue for review.  Illinois State Toll

Highway Authority v. Heritage Standard Bank & Trust Co., 163 Ill.

2d 498, 645 N.E.2d 896 (1994); Cunningham v. Millers General

Insurance Co., 227 Ill. App. 3d 201, 591 N.E.2d 80 (1992).  

     Here, however, defendant's motion in limine was not denied;

rather, it was granted before trial.  Thus, plaintiff was in effect

ordered not to object to the disputed evidence.  The issue is

therefore not waived.

     Defendant's further contention that plaintiff improperly

introduced evidence of the prior injury himself is likewise

unfounded.  The court had ruled that the evidence was admissible. 

Plaintiff was entitled to address the evidence.  See People v.

Spates, 77 Ill. 2d 193, 199-200, 395 N.E.2d 563, 566 (1979); People

v. Norwood, 164 Ill. App. 3d 699, 703 n.l, 518 N.E.2d 46, 249 n.l

(1987); M. Graham, Cleary & Graham's Handbook of Illinois Evidence

§103.4, at 13-14 (6th ed. 1994).

     Plaintiff also argues that the court erred in denying

plaintiff's tendered jury instruction regarding damages.  The

damaged disc, plaintiff contends, constitutes physical damage to

his body that is not covered by other elements of damages. 

Plaintiff maintains that the disc does not cause pain or disabili-

ty, nor does it upset his living a normal life.  Consequently,

plaintiff asserts, the jury had no method of awarding damages for

this actual physical damage or "reduction of integrity" in his

damaged disc.  We find plaintiff's argument to be without merit.

     Plaintiff offers no case law to support his contention.  Under

Supreme Court Rule 341(e)(7), an appellant's brief must include

citations to authority supporting his argument.  134 Ill. 2d R.

341(e)(7).

     Although plaintiff here speaks at length of Powers v. Illinois

Central Gulf R.R. Co., 91 Ill. 2d 375, 438 N.E.2d 152 (1982), aff'g

in part & rev'g in part 92 Ill. App. 3d 264, 416 N.E.2d 1161

(1981), he fails to cite any authority specifically supporting his

argument for "reduction of integrity" damages.  Thus, we find that

plaintiff's contention must fail.  We find no error in the court's

refusal of the tendered instruction.

     Because of our disposition of the first issue, we need not

address the claim that the damage award was inadequate.

     For the foregoing reasons, the judgment of the circuit court

is affirmed in part and reversed in part, and the cause is remanded

for a new trial on damages only.

     Affirmed in part and reversed in part; cause remanded with

directions.

     CHAPMAN and WELCH, JJ., concur.

                                      NO. 5-95-0578

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

CHRIS BROWN,                  )  Appeal from the

                              )  Circuit Court of

     Plaintiff-Appellant,     )  Williamson County.

                              )

v.                            )  No. 94-L-87  

                              )

TIMOTHY BAKER,                )  Honorable

                              )  William H. Wilson,

     Defendant-Appellee.      )  Judge, presiding.

___________________________________________________________________________

Opinion Filed:                  October 30, 1996

___________________________________________________________________________

Justices:      Honorable Gordon E. Maag, J.

                         

               Honorable Charles W. Chapman, J., and

               Honorable Thomas M. Welch, J.,

               Concur

___________________________________________________________________________

                         

Attorneys      Harris, Lambert, Howerton & Dorris, 300 West Main Street,

for            P.O. Box 1005, Marion, IL 62959

Appellant      

___________________________________________________________________________

Attorneys      Joseph A. Bleyer, Bleyer and Bleyer, 601 West Jackson 

for            Street, P.O. Box 487, Marion, IL 62959-0487

Appellee       

___________________________________________________________________________